THOMAS LANIGAN, RESPONDENT, v. THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA, APPELLANT.

*Life insurance — an untrue answer in an application as to prior insurance — not
made a warranty — when a company is estopped.*

A person applying for life insurance in an insurance company stated in his appli-
cation for the policy that he was not insured in the company, which was untrue,
as he was, at the time of the application, already insured in that company. It
was agreed in such application that the answers to the questions in such appli-
cation should form the basis of the contract between the insured and the
corporation. A policy was issued, pursuant to such application, to the appli-
cant, which provided that it should be void while there was in force a prior policy
issued by the company upon the same life unless the corporation consented
thereto in writing.

There was no provision in the application or policy which made the answers to
the application warranties; and there was no positive evidence that the insured
knew of the former policy, or that the company knew of it when the new policy
was issued.

In an action brought upon the policy issued upon such application, to recover for
a loss thereunder:

*Held,* that as no fraud was shown the company must be presumed to have knowl-
edge of the issuing of the prior policy, the existence of which was shown by its
own records, and that by delivering and receiving payment for the second policy
it was estopped from setting up a breach of the condition forbidding prior insur-
ance except by its consent.

APPEAL by the defendant, the Prudential Insurance Company of
America, from a judgment of the Albany County Court, entered
in the clerk's office of said county on the 27th day of November,
1891, affirming a judgment in favor of the plaintiff for thirty-nine
dollars and fifty cents damages, and seven dollars and fifty cents
costs, rendered by a justice of the peace.

*Henry J. McCormick,* for the appellant.

*P. D. Niver,* for the respondent.

MAYHAM, P. J. :

On the 30th day of June, 1890, the defendant issued a policy on the
life of Martin Dooley for $158, on his written application therefor, and
on that day Dooley, by an instrument in writing, in accordance with
the forms issued by the defendant, directed that the payment of the
benefits specified in such policy be paid to the plaintiff, he claiming

to be equitably entitled to the same for money paid and expenses incurred by him for the assured.    On the 2d day of January, 1891, the assured died of consumption, and the plaintiff, after proving the death and demanding the amount due upon the policy, brought this action.

The defendant, in its answer, alleges that the assured, in his application, made certain representations as to his physical condition which were untrue, and also represented and warranted that he was not insured by the defendant under any other policy of insurance, which warrantees the defendant alleged were false and fraudulent.

On the trial the plaintiff proved the policy, its assignment to the plaintiff and the death of the assured.    The defendant put in evidence the application for the policy, and also proved that there was, at the date of the application, another policy issued by the defendant on the life of the appellant.

The defendant also proved that the health of the appellant, soon after the issuance of the policy, was impaired; and that he suffered from hemorrhage from the lungs, and that he died of consumption in less than one year, but more than six months after the issuance of the policy.    At the conclusion of the testimony the defendants moved to dismiss the plaintiff's complaint, which motion was denied and judgment was given for the plaintiff for the amount estimated due upon the policy by its terms.

The County Court, on appeal, affirmed that judgment, and the defendant appeals to this court.    The defendant urges two principal grounds for the reversal of this judgment.

*First:* That the application of the assured in relation to his health was untrue.

*Second.* That his statement in the application, that he had no other insurance policy on his life issued by the defendant, was false, and that the policy for these reasons was void.

Upon the subject of the assured's physical condition at the time of making the application, there was clearly such a conflict as to make it a question of fact; and as the justice found with the plaintiff upon that question, we should not disturb his findings on that subject.

On the subject of the time of his cough and the hemorrhage,

some of the witnesses say that he was sick nearly all summer with a cough, others say he did not cough more than three months before his death. Some of the witnesses think the hemorrhage occurred in June, some fix it as late as July or August.

As to the question of another policy on the assured's life in the defendant's company, there is no conflict in the evidence. There was another policy on his life at the time of this application. The question propounded in the application and answered by the assured on this subject is as follows: " Is life proposed, now insured in this company? If so, state numbers and amounts of policies." The answer written in the application to this question is " No." This application also contains this provision. " I agree that said answers with this declaration shall form the basis of a contract of insurance between me and the Prudential Insurance Company of America, and that the policy which may be granted by the company, in pursuance of this application, shall be accepted subject to the conditions and agreements contained in such policy."

The policy contains this provision.

" *Fourth.* This policy shall be void if the insured shall, without the written permission of the president or secretary of the company, engage in either of the occupations excepted in the foregoing section, or while there is in force upon the life of the insured a policy previously issued by this company, unless the policy first issued contains an indorsement signed by the president or secretary, authorizing this policy to be in force at the same time."

But there is no provision in the application or policy which renders the policy void for a breach of any warrantee contained in the application.

It is insisted, on the part of the respondent, that the defendant waived the condition in the fourth subdivision of the policy above quoted by accepting the premiums and issuing a policy on this application, especially as the defendant presumably had knowledge of the existence of a previous policy issued by it on the life of the assured at the time of the issuance of the policy in suit.

It is true, as a general rule, that a general warranty does not protect the one to whom it is given against facts known to and understood by him; and this rule has been applied in certain cases to insurance policies.

In *Short* v. *Home Insurance Company* (90 N., Y. 19) the condition in the policy was that if the premises became vacant or unoccupied to the knowledge of the assured the policy should be void; and the case showed that the premises were, at the time of issuing the policy, vacant, and remained so until destroyed by fire, and the court held that if the defendant knew that fact at the time of issuing the policy it was deemed to have waived that condition, and was estopped from setting that up, as a breach of the assured's engagement, to defeat the policy.

So in *Woodruff* v. *The Imperial Fire Insurance Company* (83 N. Y., 133), when the applicant was required to state for what purpose the building was used, and he answered " a dwelling," and the same was at the time unoccupied, the assured was not held to the statement as a warranty. So in *Van Schoick* v. *Niagara Fire Insurance Company* (68 N. Y., 434), the application required that, if the building was located on leased land, it must be stated, and although that was the case, to the knowledge of the assured and the agent of the company ; *held,* that as the defendant had notice of the fact, it did not vitiate the policy.

But all of these cases, and others to the same effect of a kindred character, turned upon the question of knowledge in the company or its agent.

In the case at bar there is no direct evidence that the company knew at the time of issuing this policy that there was another outstanding policy of this company on the assured's life.   Is it chargeable with such knowledge from the fact of the existence of the policy issued by it, and the record of which was in its possession ?   It is quite true, as claimed by the appellant, that insurance contracts must, like other contracts, be construed according to their terms. (*Dwight* v. *Germania Life Ins. Co.*, 103 N. Y., 341.)   But it is also true that the provisions of an insurance contract may be waived by the parties, or become inoperative by operation of law as in other contracts.   In *Short* v. *Home Insurance Company* (*supra*) the condition of the policy was that, if the premises became vacant or unoccupied without notice to and the consent of the company in writing, the policy should be void.   The premises were unoccupied at the time that the policy was issued, and so continued until destroyed by fire.   This was held to be a breach of the condition, but the court held that it

was presumed to have been waived by the company, that the company was estopped from setting up the breach, as a contrary inference would impute to the company a fraudulent intent to deliver and receive pay for an invalid instrument. That case, however, proceeded upon the theory that the company had knowledge of the fact that the building was unoccupied. In the case at bar we think it may be assumed that the justice found, from the fact that the defendant was a party to the prior insurance from having issued its policy, and that having such knowledge, and with it accepting the premiums and issuing its policy, it was estopped from insisting upon the forfeiture, especially as there does not seem to be any claim that there was a fraudulent misrepresentation by the assured. The proof shows that his actual statement to the agent of the defendant at the time of the application was, " that he was not insured in defendant's company that he knew of," and there is no positive evidence that he had such knowledge.

The defendant being in a position to have had actual knowledge, the presumption that it did possess the same is quite as strong or stronger than any that can be indulged in as to the assured.

While the case is not free from doubt, we are inclined to sustain the Justice and County Court in holding that the defendant must be charged with knowledge of the existence of a former policy issued by it, outstanding at the time of issuing the policy in suit, and that that condition was, therefore, waived, and cannot, for that reason, be urged as a ground for reversal of this judgment.

The judgment of the Justice and the County Court affirmed, with costs.

PUTNAM, J., concurred; HERRICK, J., not voting.

Judgment of Justice and County Court affirmed, with costs.