EMLAW *v.* TRAVELERS' INSURANCE CO.[1]

1. APPEAL—LEADING QUESTIONS.
    A judgment will not be reversed for the reason that leading questions were permitted in the introduction of testimony, where it appears that they were without substantial prejudice to the appellant.

2. TRIAL—SECONDARY EVIDENCE—HARMLESS ERROR.
    Any error in the admission of secondary evidence of the contents of a writing is cured by the subsequent production of the original paper by the adverse party.

3. ACCIDENT INSURANCE—BREACH OF WARRANTY—ESTOPPEL.
    An accident insurance company cannot question the validity of either of two policies issued by it, because of a printed statement in the last application to the effect that the insured had no other insurance in the company, where it knew at the time of the issuance of the second policy that such statement was untrue.

4. SAME—CLASSIFICATION OF RISK.
    An accident insurance policy is not invalidated by the fact that the insured was erroneously classed as "preferred," instead of "medium," in accordance with a request contained in his

[1] Rehearing denied July 8, 1896.

application, where, at the time of issuing the policy, the
company had before it all the facts essential to enable it to
make a proper classification.

Error to Ottawa; Padgham, J. Submitted January
16, 1896. Decided March 11, 1896.

*Assumpsit* by Andrew J. Emlaw against the Travelers'
Insurance Company upon certain accident insurance poli-
cies. From a judgment for plaintiff, defendant brings
error. Affirmed.

*Walter I. Lillie,* for appellant.

*McBride & Danhòf,* for appellee.

MOORE, J. The plaintiff held two accident policies
of insurance in defendant company. In April, 1894,
he received an injury that, he claims, totally disabled
him, and entitled him to $50 a week for four weeks. His
claim was disputed by the company. He brought suit,
and obtained judgment for $200, and the case is appealed
here. The plaintiff declared under Circuit Court Rule
No. 104. The defendant pleaded the general issue, and
gave notice that the plaintiff was not entitled to any in-
demnity; that he was insured in the preferred class, and
his application called for only $25 per week when totally
disabled; that he was not totally disabled; that, when he
was injured, he was not acting as manager or proprietor
of the gas works, but as a machinist, and voluntarily
exposed himself to unnecessary danger; that in his ap-
plication of November 9, 1892, he agreed to be classed
as "preferred," and that, as a machinist, he would be
classed as "medium," and would be entitled to no more
than the premium he actually paid would purchase in
that class in which he was actually injured, if entitled
to anything. In said notice a copy of the application
upon which one of the policies was issued was set up
in full, and then the statement followed that the work

of a machinist is classed as more hazardous than that of the "preferred."

Objections were made to some of the questions upon the ground that they were leading. The plaintiff was called as a witness, and after describing the accident, and its effect upon him, he was asked, "How long were you confined in the house, as a result of that accident?" and allowed to answer. After describing the character of his work, and the manner in which it was done, in detail, he was asked, "Will you state if part of your duties as proprietor of the gas works called you to do more or less manual labor in and about it," and he was allowed to answer. In view of the examination which immediately preceded these questions, and the cross-examination that followed, we do not think it was so prejudicial to allow these answers as to require a reversal of the case.

It is assigned as error that copies of the application furnished by the agent of the defendant company were allowed to be read in evidence. As defendant had set out in its notice of defense a copy of the application, and afterwards offered the original in evidence, the error, if any, was cured.

The last application made by the plaintiff had a printed clause reading, "I have no other insurance in this company." It is claimed that, as there was a prior policy, this statement was a fraud, and voided the second policy. Both applications were taken by the same agent. Both policies were issued by the defendant company. The printed statement was undoubtedly an inadvertence. The insured, the insurance agent, and the defendant company all knew it to be untrue. It deceived no one. The company, knowing the facts, acted upon both applications, received the premiums, and issued both policies, and it cannot now be heard to question the validity of either of them. *Copeland* v. *Insurance Co.*, 77 Mich. 554.

It is urged that as the insured asked, in his application, to be classed as "preferred," when he should have been

classed as "medium," he cannot recover. It is sufficient reply to that to say the agent of the company had known Mr. Emlaw and his business for 25 years. Mr. Emlaw, in his application, truthfully described his calling as proprietor of gas works. If he was not properly classified, it was not his fault. The company had the facts before it when the classification was made. *O'Brien* v. *Insurance Co.*, 52 Mich. 131.

Mr. Emlaw was injured while assisting in uncoupling a gas pipe with a wrench. It is insisted that this was not proper work for a proprietor of gas works to be engaged in. The questions growing out of that feature of the case were properly and guardedly submitted to the jury. The other questions involved in the case were properly disposed of by the trial judge.

The judgment is affirmed, with costs.

The other Justices concurred.