ST. PAUL FIRE & MARINE INSURANCE COMPANY v. THOMAS CRONIN.

Decided October 24, 1910.

1.—Trial—Amendment of Pleadings—Practice.

When the court grants leave to a plaintiff to amend his pleading after the evidence is closed and the argument is begun, and the defendant does not ask leave to withdraw his announcement of ready for trial, he can not after-

wards complain of the action of the court in permitting the amendment. Whether or not a party should be permitted to amend his pleading under such circumstances is largely within the discretion of the trial court.

**2.—Same—Practice.**

While it is usual for a party desiring to amend his pleading to first ask permission to withdraw his announcement of ready for trial, the observance of this form is not indispensable.

**3.—Same—Form of Amendment—Practice.**

The failure of an appellant to object in the trial court to the use of a trial amendment instead of a fuller amendment of the pleadings as required by the rules, will preclude him from complaining of the matter in the appellate court.

**4.—Trial Without Jury—Conflict in Evidence.**

The determination of an issue of fact when the evidence is conflicting is the province of the trial court when sitting without a jury, and such determination will not be disturbed when there is any evidence to support it.

**5.—Fire Insurance—Additional Insurance—Estoppel.**

In an action upon a fire insurance policy, the defense being that the plaintiff avoided the policy by taking additional insurance, evidence considered and held sufficient to support a finding that the defendant was estopped to set up said defense.

Error from the District Court of Anderson County. Tried below before Hon. H. B. Gardner.

*Elliott Cage,* for plaintiff in error.—Knowledge, in order to bind principal, must have been imparted when agent was transacting business of principal. Allen v. Garrison, 92 Texas, 546; Texas Loan Agency v. Taylor, 88 Texas, 47; Queens Insurance Co. of America v. May, 35 S. W., 832.

Principal is not bound if agent is not acting within scope of his authority. East Texas Fire Ins. Co. v. Blum, 76 Texas, 662.

The trial court erred in permitting plaintiff, over the objection of defendant, to amend his pleadings, so as to show that the defendant had waived the submission of formal proofs of loss, after all of the evidence had been submitted and plaintiff's attorney had made his opening argument. Foster v. Smith, 66 Texas, 680; Obert v. Landa, 59 Texas, 475; Krueger v. Klinger, 30 S. W., 1087; Colorado Canal Co. v. McFarland & Southwell, 94 S. W., 400.

Trial amendment is not the proper pleading where no exception has been sustained or overruled. Rules for the District Courts, 12 and 27; Contreras v. Haynes, 61 Texas, 103; Texas & Pac. Ry. Co. v. Huffman, 83 Texas, 286; Moore v. Moore, 73 Texas, 382; Colorado Canal Co. v. McFarland, 94 S. W., 400.

There can be no waiver or estoppel without knowledge of the facts. Waiver of condition against additional insurance can only be inferred where the evidence shows that the subject matter of the waiver was in the minds of the parties coming together on that definite proposition. German-American Ins. Co. v. Waters, 30 S. W., 576; Hartford Fire Ins. Co. v. Small, 14 C. C. A., 33.

*Thos. B. Greenwood,* for defendant in error.—The trial court properly exercised his discretion in allowing defendant in error to amend his pleadings, so as to show the waiver of proofs of loss by plaintiff in error, in view of the court's leave to plaintiff in error to withdraw its announcement of ready for trial if it so elected. Western U. Tel. Co. v. Bowen, 84 Texas, 479; Alamo Fire Ins. Co. v. Shacklett, 26 S. W., 631; Dublin. v. T., B. & H. Ry. Co., 92 Texas, 540; Gulf, C. & S. F. Ry. Co. v. Butler, 34 S. W., 757; Whitehead v. Foley, 28 Texas, 10, 11; Parker v. Spencer, 61 Texas, 164; Texas & N. O. Ry. Co. v. Goldberg, 68 Texas, 687; Radam v. Microbe Destroyer Co., 81 Texas, 129; Sanger v. Noonan, 27 S. W., 1057; White v. Bank, 65 S. W., 498; Feigelson v. Brown, 126 S. W., 17.

The court below correctly held that "the provision against additional insurance, had it not been waived, would not have rendered the policy sued on void but merely voidable, and, under the pleadings and evidence in this case, the defendant failed to show that it was entitled to avoid the policy." Morrison v. Insurance Company of North America, 69 Texas, 363, 364; Crescent Ins. Co. v. Griffin, 59 Texas, 513; Hanover Fire Ins. Co. v. Shrader, 31 S. W., 1102; German Insurance Co. v. Gibbs, 92 S. W., 1074; Gibson v. Lancaster, 90 Texas, 543.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by Cronin against the Insurance Company to recover on a fire insurance policy issued by said company to him and covering a hotel owned by him at Teague, Texas.

The Insurance Company, in addition to a general denial, pleaded that the policy was void because of the violation by Cronin of a clause in the policy limiting the amount of additional insurance permitted to be carried on the insured property.

Cronin, in reply to this answer, alleged that the company had waived its right to declare a forfeiture of the policy on the ground stated, because with full knowledge of the amount of the additional insurance carried by him it had failed to cancel the policy and had retained the premium paid it by him.

The cause was tried in the court below without a jury and judgment was rendered for Cronin for the sum of $1496.65. The trial judge, at request of appellant, filed the following conclusions of fact and law:

"1. On April 16, 1907, the defendant issued to plaintiff the policy of insurance sued on for $1500. The policy contained this provision among others: 'This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance,. whether valid or not, on the property covered in whole or in part by this policy.' The policy on its face permitted total concurrent insurance to the amount of $2800. There was nothing else endorsed on or added to the policy in writing, relative to additional insurance.

"2. On March 7, 1907, the New Jersey Fire Insurance Company, of Camden, New Jersey, issued to plaintiff a policy of $500, and on De-

cember 26, 1906, the Liverpool & London & Globe Insurance Company issued to W. W. Hinchliffe a policy for $1100, which was assigned by Hinchliffe to plaintiff on February 28, 1907, with written consent of the Liverpool & London & Globe Insurance Company, and both of said policies were concurrent with the policy sued on.

"3.   The $1100 policy was issued by the Liverpool & London & Globe Insurance Company, acting through E. J. Headlee as its agent, and said company acted by its duly authorized agent, E. J. Headlee, in consenting to the assignment of said policy to plaintiff on February 28, 1907. At the date of the issuance of the policy sued on, by the defendant, acting by and through its duly authorized agent, E. J. Headlee, the defendant company had full knowledge, through the said E. .J. Headlee, of the existence and continuance of said policy for $1100, and thereafter, up to the date of the destruction by fire of the insured property, the defendant continued to have such knowledge by and through its said agent.

"4.   That on or about August 5, 1907, the insured property was slightly damaged by fire, and the defendant, by and through its agent duly authorized, E. J. Headlee, adjusted the loss arising from said fire on or about August 20, 1907. During such adjustment the defendant was advised, by and through its said agent, E. J. Headlee, of the full amount of insurance then carried by plaintiff on the property, including both said policy for $1100 and said policy for $500. The defendant, through E. J. Headlee, paid to plaintiff on or about said August 20, 1907, the sum of $3.35 in settlement of the loss of August 5th.

"5.   On the 25th day of August, 1907, while the policy sued on was in full force, the property insured, which then belonged to plaintiff, was totally destroyed by fire. Pendergast, Smith & Company had no interest in the policy, or the property insured, save a lien thereon, which was fully discharged by plaintiff prior to the institution of this suit.

"6.   On September 10, 1907, the defendant in writing advised plaintiff that it denied liability to him for any amount whatsoever under the policy, upon the alleged ground that he had voided the policy by taking out additional insurance not permitted by its terms.

"7.   The undisputed evidence shows that defendant had full knowledge of the true status of the insured property, as to title and incumbrances, at the date of the issuance of the policy and continuously thereafter.

"8.   A short time after defendant wrote plaintiff denying its liability, it sent to him, or to his attorney, a check for the amount of the premium paid for the policy, which check was immediately returned. There was no other evidence relative to a tender or offer to refund the premium on the policy.

"9.   Plaintiff sued to enforce the policy for its full amount in this cause on April 8, 1908. On April 25, 1908, the defendant, by its attorney, filed an original answer which consisted only of a general demurrer and a general denial, and this answer was superseded by defendant's

first amended original answer, filed June 15, 1908, which pleads neither a tender nor offer to return the premium or any part thereof.

"Conclusions of Law.—1.   The defendant, having issued the policy sued on with full knowledge of the $1100 policy, and having retained the premium on the policy sued on with full knowledge of both the $1100 policy and the $500 policy, waived the condition in the policy against the additional insurance represented by said policies, and is estopped to defeat its liability by reason of said condition.

"2.   The provision against additional insurance, had it not been waived, would not have rendered the policy sued on void but merely voidable, and under the pleadings and evidence in this case the defendant failed to show that it was entitled to avoid the policy.

"3.   Plaintiff is entitled to recover the amount sued for, with legal interest from the date upon which the defendant denied its liability, less credit for the $3.35 paid on August 20, 1907."

The first, second and third assignments of error complain of the ruling of the court in admitting the testimony of J. W. Ozment, agent of appellant at Palestine, Texas, the purpose of said testimony being to show that appellant through said agent had such knowledge of the insurance carried by appellee as that its retention of the premium on the policy sued on was a waiver of its right to declare a forfeiture of the policy because of appellee's violation of the terms of the policy in regard to additional insurance.

This evidence was objected to on the ground that the knowledge of the agent Ozment was not obtained while he was transacting the business of his principal, and therefore such knowledge can not be imputed to the principal, and that Ozment being the local agent at Palestine, notice to him of matters connected with the company's business at Teague, where the company had another agent who had written the policy sued on, would not be notice to the company upon which a waiver of the conditions of the policy could be based.

The trial not being with a jury and it affirmatively appearing from the record that the court's judgment was not based upon any notice to the agent Ozment, it is unnecessary for us to pass upon the questions presented by these assignments.   If it be conceded that the evidence was improperly admitted, its admission was harmless because it appears that it was not considered by the court in reaching the fact conclusions upon which the judgment was rendered.   The assignment must therefore be overruled.

The fourth assignment is as follows:   "The trial court erred in permitting plaintiff, over the objection of defendant, to amend his pleadings so as to show that the defendant had waived the submission of formal proofs of loss, after all of the evidence had been submitted and plaintiff's attorney had made his opening argument."

The amended petition upon which the case went to trial alleged that plaintiff had made proofs of loss as required by the terms of the policy. Plaintiff testified in support of this allegation that he made the neces-

sary proofs of loss, but this testimony was contradicted, while the undisputed evidence showed that appellant had waived proofs of loss by denying any liability upon the policy. After the argument had begun the court permitted plaintiff, over the objection of defendant, to amend his pleadings and allege the waiver by appellant of proofs of loss. It is not shown that any objection was made by defendant in the court below to the form of the amendment.

The order of the court granting leave to amend, and which recites defendant's exception is as follows:

"Thos. Cronin

v.                                                          No. 7882.

"St. Paul Fire & Marine Insurance Company:

"On this, the 15th day of June, 1908, after the pleadings and evidence in the above entitled cause had been submitted to the court, and after opening argument for plaintiff and argument of counsel for defendant by his attorney (plaintiff) asked leave of the court to amend his original petition herein, so as to show that the defendant had waived the submission of formal proofs of loss, and it appearing to the court that the interests of justice required that such amendment be permitted, the court thereupon announced that he would permit such amendment to be filed, unless either party hereto desired to withdraw his or its announcement of ready for trial, and then take leave to amend, which he would allow, and thereupon both parties announced that they did not care to withdraw their announcements of ready for trial. It is therefore ordered by the court that leave be and it is hereby granted to plaintiff to amend his original petition herein, so as to aver that the defendant waived the submission to it of formal proofs of loss, to which rulings and actions of the court the defendant duly excepted."

Whether or not a party to a suit should be permitted to amend his pleading after the argument in the case has begun is a matter largely within the discretion of the trial court. This amendment having been allowed in this case subject to the right of either party to withdraw his announcement of ready for trial, and the defendant not having asked to withdraw its announcement, but on the contrary expressed its readiness to proceed with the trial, no wrong was done it in permitting the amendment. Whitehead v. Foley, 28 Texas, 10; Western U. Tel. Co. v. Bowen & Co., 84 Texas, 476; Texas & N. O. Ry. Co. v. Goldberg, 68 Texas, 687; Foster v. Smith, 66 Texas, 680.

There is no merit in the contention that the court could not permit the amendment without requiring plaintiff to withdraw his announcement of ready. This is the usual form in which the request to amend is made and granted after the trial has begun, but the only importance that can be attached to the withdrawal of the announcement of ready by the party desiring to amend, is that such withdrawal necessarily carries with it the right of the opposing party to withdraw his announcement, and this right was accorded the defendant in this case. No ob-

jection was made to the amendment on the ground of surprise, or that it would necessitate a continuance to enable defendant to meet the facts alleged; on the contrary, the facts alleged in the amendment seem to have been admitted.

The amendment filed by plaintiff was in form of a trial amendment, and it is urged by plaintiff in error that this was not a proper use of that form of amendment. As before stated, no objection was made in the court below to the form of the amendment, and such objection is not entitled to consideration when made for the first time in the appellate court.

The fifth assignment attacks the judgment on the ground that the court's finding of fact that during the adjustment between plaintiff and E. J. Headlee about August 5, 1907, defendant was advised by and through its said agent of the full amount of insurance carried on the property, was against the preponderance of the evidence. This assignment can not be sustained. Plaintiff testified positively that he told Headlee at the time mentioned exactly what additional insurance he was carrying on the property. Headlee denied this, and plaintiff was also contradicted by a sworn statement signed by him which omitted the $500 policy mentioned in the court's finding from the list of policies carried by him on this property. Plaintiff testified that Headlee prepared this statement and he signed it without reading it. This conflict in the testimony was one which it was the province of the trial court to determine, and we are not authorized to disturb the finding.

This disposes of all the material questions presented by plaintiff in error. We have considered all of the assignments presented and are of opinion that none of them should be sustained.

It follows that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*