**INSURANCE CO. OF PENNSYLVANIA v. COUCH et al.   (No. 454.) ***

(Court of Civil Appeals of Texas. Waco. Jan. 6, 1927. Rehearing Denied Feb. 3, 1927.)

1. **Appeal and error ⟐725(2)—Assignments of error in sustaining special exception, without designating which of several it was, need not be considered.**

Where defendant assigned error in sustaining "a special exception" of plaintiff, and did not designate which of several special exceptions was meant, it was not necessary to consider the assignment.

2. **Insurance ⟐640(1)—Exceptions, in action on fire policy, to answer alleging previous unconnected losses, held properly sustained.**

Exceptions, in an action on fire policy, to portions of the answer which alleged previous unconnected losses by fire to plaintiff were *held* properly sustained, because such losses were immaterial to the issues.

3. **Appeal and error ⟐1060(1)—Argument of plaintiff's attorney that affirmative answer to interrogatory would favor plaintiff, if error, held harmless.**

Where the sole issue in an insurance case was presented to the jury by an interrogatory, it was harmless error, if any, for plaintiff's attorney to tell the jury that an affirmative answer would favor plaintiff, since the jury were bound to know this, and defendant had previously requested a negative answer.

4. **Trial ⟐352(1)—Form of interrogatory as to whether insurer knew that insured carried other insurance held not objectionable, as on evidence, nor as emphasizing plaintiff's theory.**

Where the sole issue in an insurance case was whether or not the company had notice of a concurrent policy, the following interrogatory: "Before the issuance of the policy in suit, did (defendant's agent) have notice that the house in controversy was already covered by a $2,000 policy? Answer 'yes' or 'no' "— was not objectionable, as on weight of evidence, nor as unduly emphasizing plaintiff's theory.

Error from District Court, McLennan County; Giles P. Lester, Judge.

Suit by R. E. Couch against the Insurance Company of the State of Pennsylvania, wherein John Armstrong intervened. Judgment for plaintiff and intervener, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

W. L. Eason and E. C. Canon, both of Waco, for defendants in error.

BARCUS, J.   This suit was instituted by defendant in error Couch against plaintiff in error on a $1,500 fire insurance policy which it had issued to him on his house. He alleged that the house had been totally destroyed by fire. John Armstrong intervened, alleging that he had a mortgage lien on the property and that the insurance policy was payable to him as his interest might appear. The cause was submitted to a jury on one special issue, and on the answer thereto, and additional findings by the court, judgment was rendered for defendants in error for the face of the policy, apportioning the recovery between Couch and the intervener.

It appears from the record that Couch had obtained an insurance policy on his building for $2,000 in a different company from plaintiff in error; that the agent of plaintiff in error agreed to and did write an additional policy thereon for $1,500, and retained the policy in his possession until after the fire. There is no controversy about the policy having been issued and about the total loss of the property. Plaintiff in error contends that the policy is void because of a provision therein as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy."

Plaintiff in error alleged that, at the time it wrote the additional policy, defendant in error Couch informed him that the other insurance which he carried on the house was only $1,500, and that, if it had known the policy was for $2,000, it would not have written the additional policy; that, under the terms of the policy which it wrote, the total concurrent insurance permitted was only $3,000; and that, since defendant in error was carrying $3,500 total insurance instead of $3,000, the policy was therefore void.

[1, 2] Plaintiff in error, as a further de-

(290 S.W.)

fense, alleged that the policy was void because defendant in error Couch had a previous loss by fire and collected insurance and had built not only the property involved in this litigation, but another house in the city of Waco with the money received therefrom, and that he had planned to build the two houses and overinsure them and then collect the money on both houses in case of fire, and that he had obtained more insurance on each of the houses owned by him than the value of the property would justify. Defendants in error leveled four special exceptions to the portion of the answer which alleged these facts, and the trial court sustained each of them.

Plaintiff in error complains of the action of the trial court—

"in sustaining a special exception of the plaintiff to that much of the defendant's answer as pleads fraud upon the plaintiff or design upon the plaintiff's part to insure his property for more than it was worth, and in connection therewith to conceal or misrepresent the total insurance which he carried on the building described in the policy sued on, and after the fire to attempt to collect more money than he was entitled to."

There is nothing in the record to show which special exception plaintiff in error is referring to as having been sustained. The trial court sustained four special exceptions to different portions of a single paragraph contained in plaintiff in error's answer. The assignment presents several separate and distinct issues. Clearly that portion of the answer which gave the history of other and separate losses by fire sustained by Couch and the amounts he had collected thereon and the use he had made of the funds collected was not material to the issues in this case. There was no fact alleged which in any way connected said fires, either in time or place, with the fire which destroyed the property in controversy. Neither was it alleged that any of the things complained of in said pleading that was stricken out by the court had any causal connection with or in any way contributed to the fire. Neither was there any allegation that the plaintiff in any way started the fire which caused the loss sued for. While we do not think the assignment is properly presented to require our consideration, we have examined same, and it is overruled.

[3] Plaintiff in error contends that the judgment should be reversed because of the improper argument of counsel. The only issue submitted to the jury was:

"Before the issuance of the policy in suit, did T. O. Glover have notice that the house in controversy was already covered by a $2,000 policy? Answer 'yes' or 'no,'"

—to which the jury answered, "Yes." Counsel for defendants in error in his closing argument stated to the jury:

"Yes; we say that is the correct answer to that issue and that is an answer that renders

a judgment in favor of Mr. Couch and intervener in this case."

Plaintiff in error contends that the argument had the effect of telling the jury the result said answer would have, and for said reason was improper. After the close of the argument counsel for plaintiff in error made his objection by privately calling the court's attention thereto, and the court informed counsel that, if he desired, he would instruct the jury not to consider said remarks. Counsel did not and would not request the court to so instruct the jury. The bill of exception further shows that counsel for plaintiff in error in his argument to the jury had asked it to answer the issue in the negative. Plaintiff in error contends that said argument is ground for reversal, and cites at length the case of St. L. S. W. Ry. Co. v. Osborne, 270 S. W. 922, by this court. The facts in this case are entirely different from those in the Osborne Case. There each party was claiming that the injury was occasioned by the other's negligence, and the jury might have found that each of the parties was equally negligent, and that their negligence was equally the proximate cause of the injury. In the case at bar the only issue to be determined was, Did Glover, the agent of plaintiff in error, know that there was an insurance policy outstanding on the house for $2,000 at the time he issued the new policy for $1,500? On this issue there was a sharp conflict of testimony. Couch and his wife both testified that Couch told Glover there was a policy of $2,000 on the house. Glover testified to the contrary. The jury was bound to know, after having been in the trial of the case for two or three days, what effect their answer to said question would have with the court in rendering judgment. We do not think there was any error in said argument, for the reason that counsel for defendants in error was authorized to make said argument in response to the one that had been made by counsel for plaintiff in error. We think further that in no event was it such error as would authorize this court to reverse the case, since the only effect it had was to inform the jury of something they were already bound to know, and could not in any event have had any prejudicial effects on the jury. G. H. & S. A. Ry. Co. v. Harling (Tex. Civ. App.) 208 S. W. 207; Id. (Tex. Com. App.) 260 S. W. 1016; Fain v. Nelms (Tex. Civ. App.) 156 S. W. 281; G., H. & H. R. Ry. Co. v. Fleming (Tex Civ. App.) 203 S. W. 105. In the case of G. H. & S. A. Ry. Co. v. Harling, supra, almost this identical question was involved, and the Court of Civil Appeals by a divided court held that the error was harmless, and the Supreme Court specifically affirmed that portion of the judgment.

[4] Plaintiff in error complains of the form in which the special issue was submitted by the trial court. We do not think there is any

merit in this contention, and same is overruled. The only controverted issue raised by the pleadings and evidence was, Did Glover, the agent of plaintiff in error, have actual knowledge that there was a $2,000 policy in existence on the house when he issued the additional policy of $1,500? We do not think the form of the question as submitted is on the weight of the evidence, or that it gives any undue emphasis to defendants in error's theory of the case.

We have examined all of plaintiff in error's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.