HARRIS v. LOUISIANA INDUSTRIAL
LIFE INS. CO.

---

(April 18, 1932. Opinion and Decree.)

---

Normann, McMahon & Breckwoldt, of New Orleans, attorneys for plaintiff, appellant.

Puneky & Barrios and Jas. J. Landry, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. The negro man whose death resulted in this suit on a life insurance policy bore two names—one Lum Hodge, the other Henderson Giles. After his death defendant insurance company discovered that it had issued two policies on his life, one in each name. The second policy, in which his name was set forth as Lum Hodge, was for the sum of $264, and in it Pearl Harris, a daughter, was named beneficiary. That policy contained a stipulation which, among other things, provided that:

"This policy is void * * * if any policy on the life of the Insured has been issued by this Company and is in force at the date hereof, unless this policy contains an endorsement signed by the Secretary that such prior policy may be in force."

Defendant company, upon being confronted with two claims based admittedly upon the same life, paid the amount called for by the first policy to Viola Williams, another daughter of the deceased, beneficiary named in the first policy, but refused payment under the second policy, maintaining that it was void because of the provision above quoted.

In the court below, judgment was rendered in favor of defendant, dismissing plaintiff's suit. Plaintiff has appealed.

Plaintiff denies that there was any fraud involved in the issuance of the second policy, or in the using by the insured of a different name, and it is said that it was customary for the said negro, without criminal intent and for no improper purpose, to use either the one name or the other, as his fancy might dictate.

Since both policies were issued on the

same life, and since there was no indorsement on the second, unless there is sound reason for disregarding the policy stipulation above quoted, the second policy never became effective, but we have reached the conclusion that the first policy was issued without the knowledge or consent of the said deceased, and that it was not contemplated in the said stipulation that a policy issued at the request of the deceased on his own life should be rendered null and void because some other person, without the knowledge or consent of the insured, had, at some previous time, secured insurance on the life of the same insured and payable to some other person.

It is shown to be the custom to issue policies of this kind at the request of any beneficiary sufficiently well related to the insured. If such person may secure and retain a policy without the permission or knowledge of the insured, and may thus render null and void a policy which the insured himself may later secure on his own life in favor of another beneficiary, then a manifest injustice has been done to the insured and to the beneficiary selected by him.

The record raises a very strong presumption that the said deceased had no knowledge of the first policy when he applied for and obtained the second, and, if he had such knowledge, it could very easily have been shown by the agent of defendant company, who secured the application for that policy. This agent was not placed upon the stand, and, since the doubt on this point, if there is any, could have been eliminated by the testimony of this witness, the company's failure to produce him indicates that his testimony, if it had been obtained, would have been unfavorable to the company. The agent who secured the application could have testified, if it were a fact, that the deceased himself made the application and signed it, but, in the absence of such testimony and in the face of the other evidence which appears in the record, we believe that such was not the case. Therefore, since the policy first issued was obtained without the knowledge or consent of the insured, we do not believe that the policy stipulation referred to is effective.

The judgment appealed from is annulled, avoided, and reversed, and there is now judgment in favor of plaintiff, Pearl Harris, and against the defendant, Louisiana Industrial Life Insurance Company, in the full sum of $264, with interest at 6 per cent from March 7, 1930, until paid.