## COBBS v. UNITY INDUSTRIAL LIFE INS. CO.*

### No. 14968.

Court of Appeal of Louisiana. Orleans.

Jan. 7, 1935.

Loys Charbonnet, of New Orleans, for appellant.

Cabral, Lenfant & Villere, of New Orleans, for appellee.

WESTERFIELD, Judge.

Clara Cobbs, the mother and beneficiary named in a policy of industrial life insurance issued to her son, Frank Cobbs, brought this suit for the collection of $250, or half of the face value of the policy, which, it is alleged, was in half benefit at the time of the death of her son, Frank Cobbs, on November 24, 1932.

There was judgment as prayed for, and defendant has appealed.

The defense set up by the Unity Industrial Life Insurance Company is to the effect that section 3 of the "conditions of the policy contract" declares that "this contract shall also be void if assigned, or if there be any previous policy in force, issued by this company on the same life, unless the existence of such previous policy be noted by an endorsement herein, signed by the President or the Secretary of the Company; and the Company shall not be presumed or held to know of the existence of any previous policy, and in no case shall the issue of the policy, or the payment of any premium thereof, be deemed a waiver of such endorsement. In the event of the existence of any previous policy, without endorsement hereof as above provided, the liability, if any, of the company under this policy shall not exceed the amount of the premiums paid thereon."

The policy sued on, No. C-49819, was issued on the 8th day of August, 1932, and a previous policy, No. 463422, in the name of "Frank Cobs," an accident policy calling for the payment of $72.50, was issued on or about April 21, 1930. There was no indorsement on the later policy; therefore the application of the provision of the policy referred to in regard to previous issuance of another policy on the same life is said to invalidate the policy sued on.

Assuming that both policies were issued to the same individual, which seems likely, they were both in force for fifteen weeks, or from August 8, 1932, until November 24, 1932, when Cobbs died, and during that time there had been no attempt on the defendant's part to enforce the provisions of the policy.

In the case of Chas. Clay v. Liberty Industrial Life Insurance Co., 157 So. 838, decided December 10, 1934, we considered a simi-

*Rehearing denied Feb. 4, 1935.

lar provision of a policy, and held that, after the lapse of a reasonable time during which the insurer might ascertain from its records the fact of the issuance of the second policy, the failure to cancel the policy and the continued collection of the premiums would work an estoppel by waiver. In that case the two policies had been in force for fifty weeks without objection or action of any kind looking to the enforcement of' the clause in the policy.

It is said that this case differs from the Clay Case because here two different agents collected the premiums for the company. But, no matter how many agents collected the premiums, there was ample opportunity to ascertain the fact that the two policies were in existence.

Some point is made of the fact that there is a variance in the orthography of the two names in which the policies were issued, in that one of them is spelled with two "b's" and the other with only one "b"; in other words, it is claimed that the fact that the names in which the two policies were issued were not spelled exactly the same was a reason for the company's failure to identify the policies as having been issued to the same individual. Our answer to this contention is that the variance is so slight that the assured, Frank Cobbs, could easily be recognized by the variant name Frank Cobs. 15 R. C. L. 600; 19 R. C. L. 1334. The doctrine of idem sonans applies. The presence of two names with this slight variance on the books of the company should have, at least, served to put defendant on inquiry concerning the two policies as having possibly been issued in violation of the policy provision. The fact that no investigation was made for a period of fifteen weeks, during which time both policies were in existence under names that were identical, phonetically and otherwise, except for the presence of one more "b" in the name of one assured, is, we believe, conclusive of the insurer's indifference to, or intentional disregard of, the policy provision, which, under the circumstances, must be considered as waived.

The company also defended upon the ground that, in issuing a policy for $500 after it had already issued one for $72.50 upon the same life, it exceeded the limits of its authority as conferred by Act No. 65 of 1906, which forbids industrial life insurance companies from issuing more than $500 insur-

ance upon any one life, and that its action in doing so was ultra vires and void. This defense is very lightly considered and scarcely referred to in brief; perhaps it may be said to have been abandoned. At any rate, since the policy sued on was in half benefit only, the limit of the authority to cover a single life, as imposed by the statute referred to, was not reached in this case.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.