31322. STATE MUTUAL INSURANCE COMPANY *v.*
HARMON *et al.*

DECIDED NOVEMBER 23, 1946.   REHEARING DENIED DECEMBER 17, 1946.

*Graham Wright,* for plaintiff in error.
*Covington, Covington & Sullivan,* contra.

BROYLES, C. J.   This was a suit upon a supplemental agreement for double indemnity, in case of accidental death, contained in a policy of life insurance.   The agreement contained a provision that "this supplemental contract shall cease to be in force, if, at any time, the insured shall be under enrollment in any branch of military or naval service, in time of war."

Upon the trial, now under review, the parties stipulated that the insured was inducted into the Army of the United States on May 11, 1943, and was so enrolled at the time of his death on September 27, 1943, and that his death was caused by his being crushed by a tractor which he was operating and which turned over on him, and that he was operating the tractor as a military duty.

Upon the review of the first trial of the case, this court held that the evidence introduced by the plaintiffs to show a waiver of the "war-service" exclusion in the double-indemnity provision of the

policy was not sufficient to show as a matter of law that the defendant had waived the provision, and that the court erred in directing a verdict for the plaintiffs. *State Mutual Ins. Co.* v. *Harmon,* 72 *Ga. App.* 117 (33 S. E. 2d, 105).

On that trial, the defendant introduced no evidence. However, on the trial now under review, the defendant introduced in evidence the following provision of the policy sued upon: "No person, except the president, a vice-president, the secretary, or an assistant secretary, has power to change, modify or waive the provisions of this contract, *and then only in writing."* The burden was then on the plaintiffs to show such a *written* waiver, and they failed to do so, there being no evidence whatever, either direct or circumstantial, showing or tending to show such a waiver. It is well-settled law that insurance companies can so limit the authority of their officers or agents in waiving forfeitures, and that those accepting policies containing such limitation are charged with notice of it. *Newton* v. *Gulf Life Ins. Co.,* 55 *Ga. App.* 330 (190 S. E. 69) ; *Rome Industrial Ins. Co.* v. *Eidson,* 138 *Ga.* 592 (1) (75 S. E. 657). The plaintiffs, having failed to carry the burden resting on them, were not entitled to a recovery, and the court erred in overruling the general grounds of the motion for a new trial.

On the first trial of this case, the provision of the policy, requiring waivers of forfeitures *to be in writing,* was not introduced as evidence; and that question was not then raised in the trial court or considered in the former decision of this court. The present ruling being controlling in the case, the special assignments of error are not considered.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*