31322. STATE MUTUAL INSURANCE COMPANY *v.* HARMON.

TOWNSEND, J. "Where a life-insurance policy is issued and provides that it is void if the company already has a policy in force on the life of such person unless the second policy should have endorsed thereon a waiver to the contrary, and where in his application for the second policy he states that he has no insurance in the company when in fact he does have a life policy therein, and no waiver to the contrary is endorsed upon the second policy, yet where some officer or agent having authority to issue policies or to enter the 'waiver' had

274

actual knowledge of the existence of the first policy at or before the payment and retention of the premiums on the second policy, this will not defeat a collection of the second policy at the insured's death.

"Applying the foregoing ruling to the instant case, where the double-indemnity feature of the policy became inoperative upon the insured entering the military service, but where 'some officer or agent having authority to issue policies or to enter the "waiver" had' actual knowledge' of the insured entering the military service at the time the company received and retained the premium, this would amount to an implied waiver of the provision as to military service, and the company would be estopped to assert this defense.

"Accordingly, the Court of Appeals erred in ruling that the plaintiff's right to recover under the policy depended solely upon a written waiver as to military service." *Harmon* v. *State Mutual Insurance Company,* 202 *Ga.* — (42 S. E. 2d, 761), decided April 17, 1947. In accordance with that ruling, the decision of this Court (74 *Ga. App.* 633, 40 S. E. 2d, 755), is withdrawn and vacated, and the judgment of the trial court is                    *Affirmed. MacIntyre, P. J., and Gardner, J., concur.*

DECIDED JUNE 10, 1947.

*Graham Wright,* for plaintiff in error.
*Covington, Covington & Sullivan,* contra.