**CHARTER OAK FIRE INSURANCE COMPANY, Appellant,**

v.

**Henry MANN and Joyce Mann, his wife, Appellees.**

No. 16895.

United States Court of Appeals Eighth Circuit.

June 27, 1962.

Robert S. Lindsey, Little Rock, Ark., for appellant. Wright, Lindsey, Jennings, Lester & Shults, were with him on the brief.

Cooper Jacoway, Little Rock, Ark., for appellee and filed brief.

Before VOGEL and RIDGE, Circuit Judges, and DEVITT, District Judge.

PER CURIAM.

In this diversity case, where most of the facts were stipulated and no substantial dispute exists in the evidence as a whole, the District Court after trial without a jury entered judgment against appellant for the face amount of a fire insurance policy, with penalties. Appellees were the named insured and First Federal Savings & Loan Association of Little Rock, Arkansas was designated as mortgagee in the standard mortgage clause of such policy. The policy was issued in the State of Arkansas, insuring property situate in that State, which was totally destroyed by fire.

At a pre-trial conference held in the court below it was agreed that the issues for decision were:

"a. Whether the policy of insurance issued by the defendant ever was a contract of insurance.

"b. Whether there was an effective cancellation of the policy before the fire.

"c. Whether the prohibition of other insurance contained in (a) policy issued to plaintiff(s) by Trinity Universal Insurance Company prevents plaintiff from recovering in this action."

The District Court resolved each of the above issues against appellant's contention. In so doing it incorporated findings of fact and conclusions of law in a detailed and carefully considered opinion reported in 196 F.Supp. 604.

From our examination of the record on appeal, we are satisfied that the District Court's findings of fact and inferences drawn therefrom are supported by substantial evidence, and its conclusions of law are correct and permissible under the laws of the State of Arkansas. If there can be any doubt as to the law of that State, as appellant here claims, we will not substitute our opinion thereon for that of the District Court in a diversity action, where it is not clearly

demonstrated that a Federal District Judge has misapplied the local law of his State. Homolla v. Gluck, 248 F.2d 731 (8 Cir. 1957).

The District Court in its opinion supra, fairly stated all the facts. The issues presented thereby are such as to be of interest only to the parties here involved. Any exposition of the facts and issues in this opinion could only paraphrase those as stated by Judge Henley in his opinion supra. By their briefs the parties demonstrate a full understanding of those issues. Hence this case in principle differs in no controlling respect from other diversity cases where the facts giving rise to the dispute are particularly unique and such as would rarely arise again, but notwithstanding, are wholly governed by the local law of a State.

 The issues raised by this appeal are analogous to those presented to the District Court. As those matters are presented to us we are, in effect, asked to put ourselves in the place of the District Judge and make independent inferences from the evidence and apply conclusions of law thereto such as appellant deems the local law of Arkansas. This we cannot do. Palmer v. Aeolian Co., 46 F.2d 746 (8 Cir. 1931), cert. den. 283 U.S. 851, 51 S.Ct. 560, 75 L.Ed. 1458. We can only review judgments of the District Courts for errors of law and abuse of discretion committed in the concoction of their judgments. The burden to demonstrate error as to those matters is on appellant. Coca Cola Bottling Co. of Black Hills et al. v. Hubbard, 203 F.2d 859 (8 Cir. 1953). That burden is a peculiarly heavy one in a diversity case controlled by state law. Western Casualty & Surety Co. v. Coleman, 186 F.2d 40 (8 Cir. 1950). "If a federal district judge has reached a permissible conclusion upon a question of local law, we will not reverse, even though we may think the law should be otherwise." National Bellas Hess, Inc. v. Kalis, 191 F.2d 739, 741 (8 Cir. 1951), cert. den. 342 U.S. 933, 72 S.Ct. 377, 96 L.Ed. 695.

Nothing urged upon us by appellant demonstrates that the experienced District Judge who tried the case at bar either misconceived or misapplied the law of Arkansas to the issues presented to him. As to issues not so presented, they are not subject to review by us. New York Life Insurance Co. v. Calhoun, 8 Cir., 114 F.2d 526, cert. den. 311 U.S. 701, 61 S.Ct. 141, 85 L.Ed. 455; Trapp v. Metropolitan Life Insurance Co., 8 Cir., 70 F.2d 976, aff. 8 Cir., 72 F.2d 374, cert. den. 293 U.S. 596, 55 S.Ct. 112, 79 L.Ed. 690.

Affirmed.