Howard B. MIMS et ux., Appellants,

v.

HOUSTON FIRE & CASUALTY INSURANCE COMPANY, Appellee.

No. 7434.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 13, 1962.

Rehearing Denied Dec. 11, 1962.

Sidney Lee, Texarkana, for appellants.

Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellee.

DAVIS, Justice.

Plaintiff-appellants, Howard B. Mims and wife, Adele Mims, sued the defendant-appellee, Houston Fire & Casualty Company, on two fire insurance policies that had been issued to appellants by the appellee. Policy No. FH–832904 was effective from June 1, 1960, to June 1, 1961. Policy No. FH–832467 was effective from June 15, 1960, to June 15, 1961. Each policy was issued to insure the appellants against loss by fire on a frame dwelling house. The house was totally destroyed by fire on August 3, 1960. Each of the policies insured the house in the principal sum of $4,000.00, and each contained the following provisions:

> "If the Coinsurance Clause is not applied, no other fire insurance is permitted unless the total amount, including this policy, on each Item is inserted in the blanks which follow: Item No. 1 $4,000.; 2$ ; 3$ 4$ 5$ ."

Policy No. FH–832467 was a renewal of the appellee's policy No. 642948072 which was in force during the year preceding the effective date of Policy No. FH–832467. Policy No. FH–832904 was a renewal of appellee's Policy No. 642-947056, which was in force during the preceding year.

The appellee took the position by its pleading that the quoted provision of the policies limited the amount of insurance on the insured structure to Four Thousand Dollars.

Mid-State Investment Corporation and Mid-State Homes, Inc., were named loss payees in both the insurance policies because they had a mortgage on the insured house. They were made defendants in the suit.

Trial was to a jury. After an agreement to enter a judgment for the mortgagees, both appellants and the appellee filed motions for instructed verdict. The trial court overruled the appellants' motion. The trial court granted the appellee's motion and entered a judgment in favor of the appellants for the limited sum of $4,000.00, denying the appellants any recovery upon one of the two policies.

Prior to trial, the appellants requested the appellee to make admissions of relevant facts under the provisions of Rule 169, Texas Rules of Civil Procedure. The request for admissions was in part denied. The appellant, by means of taking depositions, acquired the proof of the facts which the appellee had denied. Subsequent to the trial, the appellants, having proved the truth of matters concerning the facts, applied to the trial court for an order requiring the appellee to pay to them the reasonable expenses in making such proof. Rule 170, T.R.C.P. The trial court denied the application.

The appellants have appealed from the judgment of the court in denying them a recovery on one of the policies, and from the order of the court in denying them any recovery in the expenses in making proof of facts which the appellee denied. They bring forward 13 points of error.

By their first seven points of error, the appellants complain of the error of the trial court in granting the appellee's motion for an instructed verdict, and in refusing to grant their motion. The evidence in the case is clear and convincing. The appellants bought a house that was unfinished. There was insurance with the

appellee, insuring the same for $4,000.00. They made some improvements upon it, and they went to the same people and advised them that they wanted some more insurance. The same agents issued an additional policy insuring the house for an additional $4,000.00. Appellee had previously collected a full year's premium on both the policies. When time came to renew the policies, the same agent prepared both the policies, describing the house exactly the same in both policies, and mailed the two policies to the appellant in the same envelope, together with the bills for the premiums thereon. Each of the policies insuring the house was for $4,000.00. The premiums were paid and subsequently the house was destroyed by fire.

Under the quoted provision of the policies, the Agent knew, by the issuance of each policy that the house was insured for an additional $4,000.00, or a total of $8,000.-00; Item No. 1 in each policy carried the amount of $4,000.00. The facts necessary to show a waiver and estoppel are not in dispute. The appellee knowingly issued the two policies of insurance to the same insureds, covering the same property, and mailed them in the same envelope. It collected two annual premiums upon the two policies. It permitted both of them to remain in force and effect until after the insured property had been totally destroyed by fire. The evidence shows that none of these facts were in dispute. There was nothing to submit to the jury upon the question of whether or not the appellee had waived the forfeiture and was estopped to interpose it as a defense. The following authorities are cited in support of these propositions:

"45 C.J.S. [Insurance] 724, Sec. 725d; 46 C.J.S. [Insurance] 658, Sec. 1377; 29A Am.Jur. 153, Sec. 961; 17 Appelman [Appleman] Ins. Law and Practice 493, Sec. 9711; 24-B Tex.Jur. 540, Secs. 269 and 270; the Planters' Mutual Ins. Co. v. Lyons, Lindenthal & Company, 38 Tex. 253 (Sup.Ct. 1873); The Crescent Ins. Co. v. Griffin and Shook, 59 Tex. 509 (Sup.Ct. 1883); The L. & L. & G. Ins. Co. v. Fred Ende, 65 Tex. 118 (Sup.Ct.1885); Morrison v. Ins. Co. of North America [69 Tex. 353], 6 S.W. 605 (Sup.Ct. 1887); New Orleans Ins. Ass'n. v. Griffin [66 Tex. 232], 18 S.W. 505 (Sup.Ct.1886) Mutual Life Ins. Co. v. Nichols, 24 S.W. 910 ([Tex.] Civ.Apps. 1935—No Writ History); Hartford Fire Ins. Co. v. McLemore [7 Tex. Civ.App. 317], 26 S.W. 928 (Civ.Apps. 1894—Writ Dismissed); German Ins. Co. v. Cain, 37 S.W. 657 ([Tex.] Civ. Apps.1896—No Writ History); Standard Life & Acci. Ins. Co. v. Davis, 45 S.W. 826 ([Tex.] Civ.Apps.1898—No Writ History); St. Paul Fire & Marine Ins. Co. v. Cronin [62 Tex.Civ. App. 440], 131 S.W. 649 (Civ.Apps. 1910—No Writ History); National Union Fire Ins. Co. v. Dorroh [63 Tex.Civ.App. 620], 133 S.W. 475 (Civ. Apps.1911—Writ Refused); Western Assur. Co. v. Hillyer-Deutsch-Jarrett Co., 167 S.W. 816 ([Tex.] Civ. Apps.1914—Writ Refused); Reliance Ins. Co. v. Dalton, 178 S.W. 966 ([Tex.] Civ.Apps.1915—Writ Refused); Mechanics' & Traders' Ins. Co. v. Dalton, 189 S.W. 771 ([Tex.] Civ. Apps.1916—Writ Refused); Detroit Fire & Marine Ins. Co. v. Wright, 273 S.W. 628 ([Tex.] Civ.Apps.1925—Writ Refused); Camden Fire Ins. Ass'n v. Sutherland, 284 S.W. 927 ([Tex.] Com. Apps.1926); Ins. Co. of Pennsylvania v. Couch, 290 S.W. 274 ([Tex.] Civ. Apps.1927—Writ Dismissed); Southern Mut. Fire Ins. Co. of Yoakum v. Mazoch Bros., 291 S.W. 257 ([Tex.] Civ.Apps.1927—Writ Dismissed); Occidental Fire Ins. Co. v. Fort Worth Grain & Elevator Co., 294 S.W. 953 ([Tex.] Civ.Apps.1927—Writ Refused); Law v. Texas State Mut. Fire Ins. Co., 12 S.W.2d 539 ([Tex.] Com. Apps.1929—Motion for Rehearing Denied 16 S.W.2d 277); Southern Underwriters v. Jones, 13 S.W.2d 435 ([Tex.] Civ.Apps.1929—Writ Refus-

ed); Coleman Mut. Aid Ass'n v. Clark, 63 S.W.2d 270 ([Tex.] Civ.Apps.1933 —Writ Dismissed); Trice v. Georgia Home Ins. Co., 81 S.W.2d 1055 ([Tex.] Civ.Apps.1935—No Writ History); Home Ins. Co. of N. Y. v. Young, 97 S.W.2d 360 ([Tex.] Civ.App.1936 —Writ Dismissed); Newriter v. Life & C. Ins. Co., 229 Ala. 359, 157 So. 73 (1934) Western & S. L. Ins. Co. v. Oppenheimer, 31 Ky.L.Rep. 1049, 104 S.W. 721 (1907); McGuire v. Home L. Ins. Co., 94 Pa.Super. 457 (1928) National Life & Acci. Ins. Co. v. House, 104 Ind.App. 403, 9 N.E.2d 133 (1937) Lanigan v. Prudential Ins. Co., 63 Hun. 408, 18 N.Y.S. 287 (1892); Clay v. Liberty Industrial L. Ins. Co., 157 So. 838 (La.App.1934); Cobbs v. Unity Industrial L. Ins. Co., 158 So. 263 (La.App.1935); Wills v. Liberty Industrial L. Ins. Co., 159 So. 141 (La. App.1935); Atlas v. Metropolitan L. Ins. Co. [Sup.], 181 N.Y.S. 363 (1920); Melick v. Metropolitan L. Ins. Co., 84 N.J.L. 437, 87 A. 75 (1913—Affirmed in 85 N.J.L. 727, 91 A. 1070); Monahan v. Mutual L. Ins. Co., 103 Md. 145, 63 A. 211, 5 L.R.A.(N.S.) 759 (1906); Emlaw v. Travelers' Ins. Co., 108 Mich. 554, 66 N.W. 469 (1896); National Life & Acci. Ins. Co. v. Cummings, 27 Ala.App. 355, 172 So. 353 (1937); Harris v. Louisiana Industrial L. Ins. Co., 19 La.App. 589, 141 So. 103 (1932); Kennedy v. Agricultural Ins. Co., 110 N.W. 116, 21 S.D. 145 (1906); Westchester Fire Ins. Co. v. Wilson, 294 S.W. 1059, 220 Ky. 142; Johnson v. Aetna Ins. Co. [201 N.C. 362, 160 S.E. 454 (N.C.Sup.Ct.1931); Carrugi v. The Atlantic Fire Ins. Co., 40 Ga. 135, 2 Am.Rep. 567 (1869); State Mutual Ins. Co. v. Harmon [75 Ga. App. 273], 43 S.E.2d 347 (Ga.Ct. of Apps.1947); Hicks v. Home Sec. Life Ins. Co. [226 N.C. 614], 39 S.E. 2d 914 (N.C.Sup.Ct.1946); Western Assur. Co. v. White [171 Ark. 733], 286 S.W. 806, 48 A.L.R. 349 (Ark.Sup.

Ct.1926); and St. Paul Fire & Marine Ins. Co., v. Garza Co. Warehouse & Marketing Ass'n. [5 Cir.], 93 F.2d 590 (Cir.Ct.Apps.1938); Mann, et ux v. Charter Oak Fire Ins. Co. [D.C.] 196 F.Supp. 604; Affmd. [5 Cir.] 304 F.2d 166."

If the Coinsurance Clause in either policy invalidates the other policy, then both the policies were invalidated. One could not be effective and the other be invalidated. The points of error are sustained.

Appellants' points 8, 9, 10, 11 and 12 are without merit and are overruled.

■ Appellants say the trial court erred in denying their application for reasonable expenses which they had incurred in making proof of matters of fact relative to the second insurance policy which the appellee had denied. The denials were false and were pertinent to the facts involved in the lawsuit about which there was a bona fide controversy. The appellee admits that under an arbitrary refusal to so cooperate is of course contrary to the provisions of 790(c), and will subject a party to the penalties provided therein. The appellee takes the position that the admissions requested were questions of law. Such is not the case. They were questions of fact that had to be proved by the appellants.

The pertinent parts of the rule read as follows:

"If any party or an officer or managing agent of a party refuses to obey an order made under Rule 167 the court may make such orders in regard to the refusal as are just, and among others, the following:

\* \* \* \* \* \*

"(c) an order striking out pleadings or part thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. If a party, after being served

884

with a request under Rule 169 *to admit the genuineness of any documents* or *the truth of any matters of fact,* serves a sworn denial thereof and if the party requesting the admissions thereafter proves *the genuineness of any such document* or *the truth of any such matter of fact,* he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof. If in the course of such a hearing it shall appear to the satisfaction of the court that any party or his attorney is *arbitrarily refusing to co-operate in disposing of questions of fact* as to which there is no basis for bona fide controversy, the court shall tax all expenses of proving such facts, including reasonable attorneys fees, against the party refusing to co-operate, subject to review upon appeal." (Emphasis added.)

The trial court found that the reasonable expense incurred in making the proof to be $150.00. But he found that the matter of proof was not necessary because the appellants were not entitled to recovery on the insurance policy which the appellee had falsely denied. In this, the trial court was in error. The point is sustained.

The judgment of the trial court is affirmed in part and in part reversed, and judgment is here rendered that the appellants recover of and from the appellee the sum of Four Thousand Dollars as provided by Policy No. FH–832904, with interest thereon at Six per cent per annum from the date the appellee denied liability. Judgment of the trial court is also reversed and judgment is here rendered that the appellants recover of and from the appellee the sum of One Hundred Fifty Dollars for necessary expenses required to make the necessary proof of facts, with interest thereon at Six per cent per annum from November 24, 1961, until paid.

Affirmed in part and reversed and rendered in part.