Daniel J. O’Maba, J.
The evidence in the above-entitled action brought to obtain a declaratory judgment pursuant to section 473 of the Civil Practice Act was presented at an Equity Term of this court under date of December 3, 1958. The plaintiff seeks to have reinstated a certificate of insurance issued by the defendant company effective covering the period from August 15, 1957 to August 16, 1958, upon the ground that the cancellation of the said certificate of insurance by the defendant company under date of August 23, 1957 failed to comply with that portion of section 93-c of the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6-A, added by L. 1956, ch. 655) made effective as of January 1, 1957 and which reads as follows: “ No contract of insurance or renewal thereof for which a certificate of insurance has been filed with the commissioner shall be terminated by cancellation or failure to renew by the insurer until at least ten days after mailing to the named insured at the address shown on the policy a notice of termination.”
The letter of cancellation dated August 23, 1957 cancelled plaintiff’s insurance upon his 1951 Studebaker automobile and made the cancellation effective from the date upon which the certificate of insurance was issued; namely, August 15, 1957.
The defendant company cancelled the certificate of insurance issued to the plaintiff because of claimed false statements made by the insured in his application for insurance coverage. The •evidence presented establishes the facts that the plaintiff stated *917 in Ms application for insurance coverage that he had not been involved in any automobile accident prior to the date of his application for insurance, and that he was convicted of a traffic infraction under date of June 25, 1956. The evidence, however, establishes the fact, by the plaintiff’s own admission, that he was involved in an accident with the Rochester Ice Company under date of February 29, 1956. It was, therefore, established by the evidence that the plaintiff had been convicted of a traffic infraction and that he had been involved in an accident, and that both of said occurrences took place within the two-year period immediately preceding the date upon wliich he made application to the defendant company for the issuance of a policy for insurance.
The defendant company proved by two of its representatives that had the plaintiff stated in Ms application the true facts as to the traffic infraction and the accident, the plaintiff’s application for insurance coverage would have been refused, in view of the established policy of the defendant company that no insurance would be issued to an applicant who during the two-year period immediately prior to the date of the application had been convicted of a traffic infraction and involved in an automobile accident.
It appears further from plaintiff’s application for insurance coverage that he answered “ No ” to the question as to whether he ever had a policy cancelled which had been issued to cover against automobile accident. The defendant insurance company claims that this statement was false, and its falsity is established by the proofs submitted. The proof further establishes the fact that had the plaintiff truthfully answered the question as to any prior cancellation, the certificate of insurance in question would not have been issued. However, the prior cancellation had to do with a policy issued by the very same insurance company that is the defendant in the present action. I find that the defendant company would not have been justified in canceling the insurance in question because of the prior cancellation without complying with the provisions of section 93-c of the Motor VeMcle Financial Security Act, and for the reason that the law charges the company with having knowledge of the prior cancellation. (Lanigan v. Prudential Ins. Co., 63 Hun 408.)
Upon receipt from the defendant company of a notice of termination of plaintiff’s certificate of insurance, the Commissioner of Motor Vehicles issued an order revolting plaintiff’s certificate of registration and directed the plaintiff to surrender his certificate of registration and number plates issued on the *918 automobile in question immediately. The commissioner’s revocation order dated October 11, 1957 further advised the plaintiff that he could not obtain a new registration for the automobile in question or any other vehicle for a period of 30 days from the date upon which his certificate of registration and number plates were surrendered. This advice in connection with obtaining a new registration is in conflict with paragraph (b) of section 93-h of the Motor Vehicle Financial Security Act which reads in part as follows: ‘ ‘ and no other motor vehicle shall be registered in the name of such person for a period of thirty days from the date of such revocation.” (Italics supplied.)
The Commissioner of Motor Vehicles gave as the date of termination of the plaintiff’s certificate of registration and number plates August 15, 1957, the same date upon which the certificate of insurance was issued by the defendant company. 'Section 93-b of the Motor Vehicle Financial Security Act provides in part as follows: “ The owner of such motor vehicle shall maintain proof of financial security continuously throughout the registration period.”
If the plaintiff’s contention is correct, that the defendant company in view of the provisions of section 93-c was bound to give at least 10 days’ notice of termination, his automobile would have been insured up to and including September 2, 1957. The 10-day notice period was placed in the law so as to give the person whose policy is being cancelled an opportunity to obtain another policy, thereby making it possible for him to have his insurance continuously effective so as to comply with the provision of section 93-b heretofore mentioned.
It is my understanding that the commissioner’s revocation order of October 11, 1957 has been stayed pending the determination of the issue involved in this litigation and that issue being as to whether the defendant insurance company had the legal right to cancel the certificate of insurance without giving the insured the statutory 10-day notice. In deciding the said issue, it must be remembered that the Motor Vehicle Financial Security Act, commonly referred to as the Compulsory Insurance Act, was enacted by the Legislature for the protection of the public. Fortunately no third person is involved in the issue here present. The plaintiff’s automobile insured by the defendant company did not cause damage to any person covering the period from the effective date of the insurance coverage up to and including September 2, 1957. That being so, the issue is between the insured and the insurance company. Under such circumstances it is not believed that the Legislature of this State intended to in any way affect the defenses that might be *919 interposed by an insurance company, at least as between the company and its insured. Article 17-A of the Insurance Law which became effective January 1, 1959 recognizes the right of an insurance company to disclaim liability on policies of insurance issued pursuant to the provisions of the Motor Vehicle Financial Security Act. The question as to the company’s liability in a case in which a third party is involved is not before this court for determination.
I have come to the conclusion that there is no absolute liability on the part of the insurance company as between the company and its insured under the provisions of article 6-A of the Vehicle and Traffic Law and designated as the Motor Vehicle Financial Security Act, and that the defendant insurance company had the right to cancel the certificate of insurance from the date of its inception because of the false statements made .by the plaintiff in his application for insurance, and without giving the notice required by section 93-c.
In finding that the defendant company was not bound to give the plaintiff the 10-day notice required by section 93-c, I have had occasion to review the decisions in the following cases: Hartford Acc. & Ind. Co. v. Breen (2 A D 2d 271); Metropolitan Life Ins. Co. v. Goldberger (3 Misc 2d 878); General Acc. Fire & Life Assur. Corp. v. Martino (12 Misc 2d 935); Ohran v. National Auto. Ins. Co. (82 Cal. App. 2d 636); Woloshin v. Century Ind. Co. (116 N. J. L. 577); Royal Ind. Co. v. Olmstead (193 F. 2d 451).
It is not believed necessary in view of the factual findings contained in this decision to consider the proposed findings submitted in behalf of the parties to this action. What has been said constitutes the decision of the court, pursuant to the provisions of section 440 of the Civil Practice Act, and the defendant may have judgment dismissing the plaintiff’s complaint, without costs.