**HILL FARM, INC., Appellant,**

v.

**HILL COUNTY, Texas, Appellee.**

No. 4688.

Court of Civil Appeals of Texas.

Waco.

Feb. 21, 1968.

Rehearing Denied March 14, 1968.

Beard & Kultgen, Pat Beard, Waco, for appellant.

Betty Dohoney, Hillsboro, for appellee.

## OPINION

WILSON, Justice.

Summary judgment was rendered requiring appellant to remove a pipeline from the right-of-way of a public county road. The petition for mandatory injunction on behalf of Hill County alleged appellant, without legal right, dug a ditch in a described right-of-way within which it laid and maintained the line, refusing to remove it. Appellant answered that the line was laid "with the oral consent of the County Commissioner of the precinct"; that the County had waived the right to object to its location, and is estopped to assert it is not legally located.

In response to the County's request for admissions, appellant admitted that it was maintaining the pipeline within the tract described, referred to as a part of the Old Patton Lake Road. It answered that it could neither admit nor deny that the described portion of the Old Patton Lake Road was a public county road because this would be a legal conclusion, and denied that its pipeline was within 8 to 10 feet of the center of the right-of-way.

On motion of the County asserting that the latter and other answers to its requests for admission were evasive, and that they failed to comply with the requirements of Rule 169, Texas Rules of Civil Procedure, the trial court ordered those matters to be deemed admitted. Affidavits showing prolonged public use of the tract and its continued maintenance and exclusive possession by Hill County accompanied appellee's motion for summary judgment, as well as the affidavit of the County Surveyor with his plat showing that the pipeline was within the road right-of-way, and 9.5 feet from its center.

Appellant urges that the injunction is not justified because the County did not show the pipeline interfered with maintenance or use of the road. To support its argument it relies on decisions which announce the correlative rights of abutting owners of the

fee. Appellant is not the fee owner, under the undisputed record and applicable presumptions concerning the abutters' fee title extending to the center of the road; and as appellee's counsel points out, these cases are not applicable to one who is not seized of the servient estate and who has encroached upon or appropriated to private use land dedicated and devoted to use of the public. When Hill County established its right as trustee for the public, the easement, and ownership of the fee in abutting owners other than appellant, an attempted assumption by the latter of the status or rights of freeholder or owner of the fee is unwarranted. Appellant's pleaded claim of right was restricted to oral permission requested by it from a single commissioner, and the affidavit it filed confirmed the extent and derivation of its claimed right of occupancy.

 It is insisted by appellant that although actual right-of-way obstructions are nuisances per se, and although it concedes such nuisances may be abated, there is no showing here of damage or interference with maintenance or public use, and hence no ground for abatement of its encroachment as a nuisance. This premise is untenable, and the abatement of nuisance cases relied on are inapposite simply because appellee is not seeking to abate a nuisance. The County has not alleged existence of a nuisance, and whether appellant's pipeline constitutes a nuisance is not of consequence. This is not an element of the County's cause of action.

The County has asserted a common law purpresture by appellant. A purpresture is the appropriation to private use of that which belongs to the public; an invasion of the right in the soil while the same remains in the people; the making serviceable by one to himself of that which belongs to many; an encroachment upon rights belonging to the public. 35A Words and Phrases, perm. ed., Purpresture p. 330. Sir Edward Coke defined purpresture as an encroachment by one which "makes several to himself that which ought to be common to many". Coke, Litt., 277b. See 4 Blackstone, Comm., 197. While a purpresture may be a public nuisance, it is not necessarily so. It becomes a nuisance when the right of the public to immediate actual use is affected. 10 McQuillin, Municipal Corporations, 3d ed. rev., Sec. 30.73, p. 807. The County is not relegated to establishing a nuisance.

> "Inconvenience of the public, or the sufficiency of the remainder of the street for public uses, is immaterial on the question of abating a purpresture in a street in proceedings by the public". 25 Am.Jur., Highways, p. 628.

See Blount, Nomolexicon (1670); Cowell's Interpreter (1672); 5 Jacobs, Law Dictionary, 2417 (Phila., 1811); I Reeves, Hist. of English Law 125 (1783); Black's Law Dictionary, 4th ed. 1401; Ballentine's Law Dictionary, 2d ed. 1048.

The distinction between the elements of nuisance and purpresture was recognized in Texas as early as 1888 when Justice Gaines wrote in State v. Goodnight, 70 Tex. 682, 11 S.W. 119: "'A purpresture strictly is an encroachment upon a public right in lands or navigable streams that does not operate as an obstruction or injury to individual members of the public, but only to some right incident and peculiar to it in its aggregate capacity as such.'"

██ By Art. 2351, Vernon's Ann.Civ. Stat., commissioners' courts are required to exercise general control over roads in the county. In the discharge of such duty they are trustees of the public county roads for the whole public. Panhandle & S. F. Ry. Co. v. Hurst, Tex.Civ.App., 251 S.W. 538, 541; Franklin County v. Huff, 43 Tex. Civ.App. 355, 95 S.W. 41, 42; 25 Am.Jur., Highways, Sec. 133, p. 428, I Elliott, Roads and Streets, 2d ed., Sec. 532, p. 597. "The governmental corporation which represents the public must have the right to vindicate and protect the interests of the public for whom it is trustee", and a county is author-

ized "to maintain a strictly possessory action to vindicate and protect the title of the public to its easement". I Elliott, above, Secs. 532, 533, pp. 596, 597.

■ Absent legislative authorization, "the right of a citizen other than the owner of the fee in a suburban road is to use it for travel", which "excludes a private citizen other than the owner of the servient estate from any use of the road except for travel. If he makes permanent use of it for any other purpose he is a wrongdoer. His rights are much more limited than those to whom the law has committed the care and control of the road." I Elliott, Roads and Streets, 2d ed., Sec. 500, p. 563.

■ The county's right and duty as trustee for the public in an easement for road purposes extends below the surface of the right-of-way, I Elliott, Roads and Streets, 2d ed., Secs. 492–494, pp. 557, 559; Dozier v. City of Austin, Tex.Civ.App., 253 S.W. 554, 556; and the public's easement includes the right to lay water lines, 39 C.J.S. Highways § 139, p. 1078.

The general rule governing the power of the governmental corporation as trustee concerning purprestures (as distinguished from nuisances) is stated in 10 McQuillin, Municipal Corporations, 3d ed. rev., Sec. 30,73: "A purpresture is an unauthorized appropriation for private or individual purposes, among others, of a public right of way"; and "Of course, such obstructions may be removed; nor is the measure of inconvenience of the public a proper subject of inquiry," since "streets are intended for the common and equal use of all citizens; and appropriation of them to private and individual uses, from which the public derives no benefit or accommodation, is a perversion of them from their lawful purposes, contrary to the trust imposed in the municipal authorities."

Concerning purprestures of the present nature, it is said in 25 Am.Jur., Highways, Sec. 137, p. 435 that one who without a grant from the proper authorities constructs

a pipeline in the highway is a trespasser, as is any person who is on the ground "for a purpose other than that of using it as a highway."

■ Appellant says its pleaded defenses of estoppel and waiver preclude summary judgment. We agree with appellee that the acts of a single commissioner, unauthorized by the commissioners' court, cannot create an estoppel against a county; and the purported oral authorization to lay and maintain the line by an individual commissioner is not effective. The court can act only as a body speaking through its minutes. Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 455; Parks v. Hill County, Tex.Civ.App., 387 S.W.2d 956, 958.

■ The public roads in a county belong to the state, and the rights and duties of counties concerning them constitute a legislative delegation of the sovereignty. Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915, 918. Where the county acts as a subdivision of the state in right of the sovereignty, the principles of estoppel and laches do not apply. Marsalis v. Garrison, Tex.Civ.App., 27 S.W. 929, 932; Scaling v. Williams, Tex.Civ.App., 284 S.W. 310, 314; 52 Tex.Jur.2d Sec. 64, p. 782. See City of San Antonio v. Pigeonhole Parking of Texas, 158 Tex. 318, 311 S.W.2d 218, 223, 73 A.L.R.2d 640 and cases cited; Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74, 77.

■ Waiver by delay in asserting the right of the public is not available as a defense here. "A municipality cannot authorize a permanent encroachment, i. e., cannot confer power on abutters or others to occupy permanently a part of the street for private use, unless such power has been expressly delegated by the legislature." So, "a grant of a use of a public way inconsistent with the use by the public is void, irrespective of whether such use constitutes a nuisance." Since, as appellee submits, "the interest the municipal corporation has in the streets and public ways is

in trust for the public generally, ordinarily its right to maintain a suit to remove an obstruction or encroachment therein cannot be defeated by delay in resorting to legal remedies to remove it." 10 McQuillin, Municipal Corporations, 3d ed. rev., Sec. 30.73, p. 817; 30.75, p. 824. See Acme Cement Plaster Co. v. American Cement Plaster Co., Tex.Civ.App., 167 S.W. 183, 186.

Krause v. City of El Paso, 101 Tex. 211, 106 S.W. 121, 14 L.R.A.,N.S., 582, relied on by appellant, militates against its position. The decision illustrates the requisite authorization by the entire public governing body which is necessary to create an agency for a public corporation, and make the conduct of an authorized agent, in the specific duty delegated, effective to constitute an estoppel.

■■■■ The trial court determined that appellant's reply to the County's request (to admit the right-of-way in which it laid its line was a public road) was an evasion. Appellant refused to admit or deny on the ground that the request called for admission of a conclusion. Appellant challenges the order deeming the request admitted under Rules 169 and 170, Texas Rules of Civil Procedure. The trial court's action was proper.

Whether a roadway is a public road is held to be not a conclusion of law: "Whether or not there is a public road is a question of fact." Bakke v. Johnson, 102 Ore. 496, 202 P. 1091, 1092. See 25 Am.Jur., Highways, Sec. 49, p. 367. Where the response to a request under Rule 169 is evasive, the matter which is the subject of the request is properly treated as admitted. Taylor v. Owen, Tex.Civ.App., 290 S.W.2d 771, writ ref. n. r. e.; Drake v. Texas Dept. of Public Safety, Tex.Civ.App., 393 S.W.2d 320, 324, writ ref. n. r. e.

■■■■ Appellant apparently contended the institution and prosecution of this action was among the duties the County Attorney is required by law to perform. Although county attorneys have the duty by Art. 5, Sec. 21 of the Texas Constitution, Vernon's Ann.St., to represent the State, it is not one of their prescribed legal duties to represent the county in its general legal business or the conduct of ordinary civil actions; although the commissioners' court is authorized to contract for private employment of the officer as its attorney to represent the county in such matters. See Attorney General's Opinions: 1939, No. 864, 1941, No. 3656; 1942, No. 0–4301; 15 Tex.Jur. 2d, Counties, Sec. 92; Art. 334, Vernon's Ann.Civ.Stat.

■■■■ Finally, appellant says "an examination of the plat attached" to the affidavit of the County Surveyor "shows the pipeline does not lie *wholly* within 8 to 10 feet of the center of the right of way in question", and consequently it should not be held responsible, under Rule 170 for expenses of appellee "in proving its own request was false." If it be said the plat is subject to appellant's interpretation, the request for admissions is not. Appellee did not request admission that the entire line was "wholly" located as inquired about, but merely that the line was located within the specified distance from the center of the right-of-way.

Under Art. 6704, Vernon's Ann.Civ.Stat., the minimum width of a *"public road"* which the Commissioners' Court is authorized to classify is that of the third class, 20 feet in width. Whether appellant's pipeline was within 10 feet of the center of the roadway in question, consequently, was material. See Dowlen v. Klapper, Tex.Civ.App., 381 S.W. 2d 123, 125. After the county had incurred expenses in establishing the truth of this and other facts in connection with the motion for summary judgment, appellant filed an affidavit in response to the motion in which its manager stated that he buried appellant's water line *"seven feet* from the *center line* of the *road* in question." Having filed and adopted the statement in this affidavit, appellant may not now be heard to deny its truth, or claim that a fact issue

exists concerning it. 45 Tex.Jur.2d, Pleading, Secs. 81–83. The court properly assessed the expense under Rule 170. Mims v. Houston Fire & Cas. Ins. Co., Tex.Civ. App., 362 S.W.2d 880.

Affirmed.