

# The Attorney General of Texas

August 17, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James Warren Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas    78061

Opinion No. JM-63

Re:  Whether county clerk or county judge controls preparation of agenda for commissioners court

Dear Mr. Smith:

You have asked whether the county judge or the county clerk controls the preparation of the agenda for the commissioners court. Our answer to your question is that neither of those two individual county officials controls the agenda, but rather, as a matter of law, the commissioners court, as a whole, controls its own agenda. We are fully aware that it is the common practice in many counties of this state for the county judge to act as the agenda clerk and through him items may be placed on the agenda for consideration by the commissioners court. In other counties, the commissioners court has either designated a deputy county clerk to perform these functions, or has separately hired an employee under the supervision of the commissioners court. The clerk serves only as the keeper of the minutes and records of the commissioners court and has no independent authority to exercise his judgment as to matters which may or may not be considered by the commissioners court.

The county commissioners court in Texas is established by article V, section 18, of the Texas Constitution:

> Each county shall . . . be divided into four commissioners precincts . . . . The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

The statutory corollary of section 18 is article 2342, V.T.C.S.:

> The several commissioners, together with the county judge, shall compose the "Commissioners

> Court," and the county judge, when present, shall
> be the presiding officer of said court.

Article 2351, V.T.C.S., provides in part that

> [e]ach commissioners court shall: . . . (14) Issue
> all such notices, citations, writs and process as
> may be necessary for the proper execution of the
> powers and duties imposed by such court and to
> enforce its jurisdiction.

We believe that the commissioners court agenda is a "notice" under this provision which is "necessary" by virtue of the Texas Open Meetings Act for the proper execution of the official duties of the court. We find no authority for the county judge alone to control the contents, preparation and posting of the agenda required by the Texas Open Meetings Act, article 6252-17, V.T.C.S. Section 3a provides for the required notice of meetings of the commissioners court:

> Written notice of the date, hour, place, and
> subject of each meeting held by a governmental
> body shall be given before the meeting as
> prescribed by this section . . .

> . . . .

> (d) A county governmental body shall have a
> notice posted on a bulletin board located at a
> place convenient to the public in the county
> courthouse. (Emphasis added).

In the event of emergency called meetings, the presiding officer, that is, the county judge, may be required to notify the news media. Id. §3a(h).

We do not believe that the county judge's authority and duties to "preside" over meetings of the county commissioners court grants him authority to prepare and limit, in his sole discretion, the items to be considered by the commissioners court. To preside has been defined as follows:

> to occupy the place of authority, as of president,
> chairman, moderator, etc.; to direct, control, or
> regulate proceedings as chief officer . . .

Webster's New International Dictionary, 2d Edition (1947).

The duties of the county clerk do not encompass the preparation or alteration of the commissioners court agenda. The county clerk is directed by statute to

> attend upon each term of said commissioners court; preserve and keep all books, papers, records and effects belonging thereto, issue all notices, writs and process necessary for the proper execution of the powers and duties of the commissioners court . . .

V.T.C.S. art. 2345; see also V.T.C.S. art. 1940 (ex officio clerk).

A commissioners court speaks through its minutes at any lawfully called meeting at which there is a quorum. Arts. 2343 (Quorum), 2348 (Regular terms), V.T.C.S.; Hill Farm, Inc. v. Hill County, 425 S.W.2d 414 (Tex. Civ. App. - Waco 1968) aff'd, 436 S.W.2d 320 (Tex. 1969) (commissioners court acts only through its minutes). See generally Rheuark v. Shaw, 628 F.2d 297 (5th Cir. 1980), cert. denied, sub nom. Rheuark v. Texas, 450 U.S. 931 (1980). Therefore, the commissioners court may control its own agenda much in the same way as the court may limit the comment of citizens at a public hearing. Attorney General Opinion H-188 (1973).

We believe that the court may designate an agenda clerk who is responsible for compiling the items to be placed on the agenda. The court may also prescribe the manner in which items are to be submitted for such inclusion. Each member of the court, of course, must be permitted to place on this agenda any item of his choosing.

## S U M M A R Y

Neither the county judge nor the county clerk controls the preparation of the agenda for the commissioners court. The commissioners court as a whole has the authority to determine and amend its own agenda.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton