Office of the Attorney General · State of Texas

April 14, 1999

The Honorable Raymie Kana
Colorado County Auditor
Courthouse, Third Floor
Columbus, Texas 78934

Opinion No. JC-0034

Re: Authority of county attorney to provide legal services to commissioners court, and related questions (RQ-1137)

Dear Ms. Kana:

You have asked this office whether a county attorney who is covered by the terms of the Professional Prosecutors Act, chapter 46 of the Government Code, may perform for the county ancillary legal services which do not form part of his duties "without charge to the county," and whether such a county attorney "can legally enter into an agreement with a municipality to provide legal advice, opinion, and consultation services for a fee regarding the arrest, docketing, and disposition of city and State law offenders prosecuted through the municipal court."

We begin with a brief review of the statutes applicable to the Colorado County Attorney. Section 45.145 of the Government Code provides that the Colorado County Attorney "shall perform the duties imposed on and have the powers conferred on district attorneys by general law." TEX. GOV'T CODE ANN. § 45.145(a) (Vernon Supp. 1999). As this office stated in Letter Opinion No. 98-26,

> Generally, the Colorado County Attorney, like a district attorney, is required to "represent the State in all criminal cases in the district courts of [the county] and in appeals therefrom . . . ." The Colorado County Attorney also is required to represent the state in examining trials and habeas corpus proceedings. In addition, the Colorado County Attorney has various duties, found in scattered statutes, such as providing legal advice to appropriate officials; enforcing certain licensing acts; and challenging public nuisances.

Tex. Att'y Gen. LO-98-26, at 2 (footnotes omitted). Finally, the Colorado County Attorney is one of the county attorneys made subject to the Professional Prosecutors Act by Government Code section 46.002(3).

As to your first question, we conclude that while a county cannot contract for ancillary services with a county attorney covered by the Professional Prosecutors Act in his private capacity precisely because such a county attorney may not engage in private practice, we do not believe that

the law would prevent him from providing such services gratis on a voluntary basis. The decision whether to offer to provide such services on that basis would, of course, belong to the county attorney.

As to your second question, we know of no basis upon which the attorney would have the authority to enter into such a contract as you describe. If it be argued that he is entering into such contracts in his private capacity, then he is barred from doing so by chapter 46. If, on the contrary, the contracts are entered into in his official capacity, he has no authority to enter into them. The general authority of a county to enter into contracts is vested in the commissioners court. The county attorney is without authority to enter into such agreements.

As we understand the background for your questions, the Colorado County Attorney has taken the view that he is debarred from performing legal services to the county beyond those which are made his duty by statute. Apparently he reads a letter opinion issued by this office, Letter Opinion No. 98-26, as mandating this result. In that opinion, we concluded that the county attorney could not contract with the commissioners court to provide courthouse security.

We do not agree with the rather expansive reading which the County Attorney gives Letter Opinion No. 98-26. In our view, the provision of security services, which the opinion declared beyond the authority of the county attorney and outside the province of his investigator, is distinguishable from the ancillary legal services which the County Attorney asserts he may not now perform.

However, we do note that a particular problem arises with respect to the provision of ancillary legal services by a county attorney when, as in this case, the attorney is covered by the Professional Prosecutors Act. The standard treatise on county law, as well as certain attorney general opinions of this office, have generally asserted that, while the provision of some legal services to the county was beyond the duty of the county attorney, the commissioners court could retain the county attorney for such services as a private practitioner:

> [A]s to the county as a legal entity, it is not the duty or responsibility of a local prosecutor to "represent the county in its general legal business or the conduct of ordinary civil actions." The exception to this rule is the responsibility . . . to render upon request legal advice and opinions to county officials. Numerous authorities have stated that a county commissioners court may employ in a private capacity the county or district attorney to represent the county in matters for which he is not required by law to provide representation.

36 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 21.14 (citing *Hill Farm, Inc. v. Hill County*, 425 S.W.2d 414, 419 (Tex. Civ. App.—Waco 1968), *aff'd*, 436 S.W.2d 320 (Tex. 1969)); *see also Guynes v. Galveston County*, 861 S.W.2d 861, 864 (Tex. 1993) (Because Galveston County Criminal District Attorney did not have exclusive duty of civil representation for county,

commissioners court could establish legal department for "wide-range of duties related to the county's civil business."); Tex. Att'y Gen. Op. Nos. JM-198 (1984), O-4301 (1942), O-3656 (1941), O-864 (1939), O-198 (1939).

As Attorney General Opinion JM-198 noted in passing, however, this traditional argument does not fit well with the provisions of the Professional Prosecutors Act. In that opinion, after affirming that the Victoria County Commissioners Court had the authority to contract with the Criminal District Attorney in his private capacity to represent the county in condemnation proceedings which were outside the scope of his official duties, this office noted "that effective September 1, 1983, the criminal district attorney in Victoria County became a "district attorney" within the meaning of the Professional Prosecutors Act, which provides that a district attorney governed by the act may not engage in the private practice of law." Tex. Att'y Gen. Op. No. JM-198 at 3 (1984).

The situation alluded to in Attorney General Opinion JM-198 is squarely presented here. The Colorado County Attorney is covered by the Professional Prosecutors Act. TEX. GOV'T CODE ANN. § 46.002(3) (Vernon Supp. 1999). As such he "may not engage in the private practice of law . . . ." *Id.* § 46.005(a). Accordingly, since he cannot engage in private practice, he cannot receive compensation from the county for providing legal services which do not form part of his statutory duties.

We do not, however, agree wholly with the County Attorney's view that he is "now mandated to discontinue any extra work I have been doing, as I cannot contract with the County." Letter from John Julian Moore, Colorado County Attorney, to Colorado County Commissioners Court 3 (Apr. 6, 1998) (on file with Opinion Committee). As we have already pointed out, Letter Opinion No. 98-26 contains no such mandate. Nor, in our view, does the Professional Prosecutors Act necessarily forbid the County Attorney to provide such services. It does bar the county from contracting with him in his private capacity to perform them for remuneration. But it does not appear to us that the Act prevents him from voluntarily and gratuitously providing such services.

In the words of the standard treatise, "The legislature passed the Professional Prosecutors Act in 1974 for the purpose of improving prosecution in the state by guaranteeing a higher state salary to local prosecutors and imposing a duty on the commissioners court to provide necessary funds for the operation of the various local prosecuting offices. In return, the prosecutors subject to the Act are prohibited from engaging in any form of private practice, or accepting referral fees." BROOKS, *supra*, § 21.44 (footnotes omitted). The principal concern of the prohibition on private practice is that the prosecutor not be spending his time attending to the business of private clients rather than public business. Accordingly, we interpret "the private practice of law," for the purposes of Government Code section 46.005(a) to mean the sale of legal services. In our view, the free and voluntary performance of legal services for the county not required of the county attorney by statute would in no way frustrate the purpose of the Act. While a hypertechnical reading of section 46.005(a) in conjunction with the older attorney general opinions of this office on contracts between the commissioners court and the attorney in his private capacity might lead one to the rather severe

conclusion that the attorney could under no circumstances provide services beyond his statutory duties, absent binding court precedent or the clear direction of the legislature we reject such a conclusion.

Of course the County Attorney is not obliged to perform such services, and the commissioners court would have to depend upon his good graces in this regard. But the provisions of section 46.005(a) do not prevent the County Attorney from offering and providing such services on a voluntary basis.

While the Act does not prevent the County Attorney from offering ancillary legal services to the county gratis, it does prevent him from entering in his private capacity into the sort of consultation agreements with cities to which your second question refers. As we have pointed out, a county attorney covered by the Professional Prosecutors Act in effect gives up his private capacity and for that reason cannot contract with cities to represent them as a private lawyer.[1]

One of the consultation agreements with which you have furnished us a copy appears to be executed by the County Attorney as a private lawyer. However, under the terms of section 46.005(a), the County Attorney has no capacity to practice law privately.

The other contract with which we have been furnished appears to have been executed by the County Attorney in his official capacity. However, the only general ability to contract for the county resides in the commissioners court. This principle has repeatedly been asserted by this office, generally in questions dealing with the ability of the sheriff to contract for jail operations. *See, e.g.*, Tex. Att'y Gen. Op. No. DM-111 (1992); Tex. Att'y Gen. LO-98-072. As Letter Opinion No. 98-072 put it, "Contracts binding on the county . . . must in general be made by the commissioners court unless a sheriff or other county official has specific authority to make them." Tex. Att'y Gen. LO-98-072, at 2.

We find no specific authority for the County Attorney to enter into consultation agreements with municipalities to provide legal advice to the municipal court either in the Colorado County Attorney's statute, section 45.145 of the Government Code, the general provisions concerning county attorneys in chapter 45 of the Government Code, the general provisions concerning district attorneys in chapter 43 of the code, those concerning prosecuting attorneys in chapter 41, or in the provisions of the Professional Prosecutors Act. Absent such specific contractual authority, the County Attorney may not enter in his official capacity into such consultation agreements as are at issue here.[2]

---

[1] We emphasize that this conclusion is limited to attorneys covered by the Professional Prosecutors Act, and therefore by section 46.005(a). This discussion does not implicate constitutional questions concerning dual office-holding, or the common-law doctrine of incompatibility.

[2] We do not address the authority of a county to enter into a contract for the provision of legal services with a municipality.

## S U M M A R Y

While the Professional Prosecutors Act, chapter 46 of the Government Code, prevents a county attorney covered by it from entering into a contract with the county to provide it, for remuneration, with ancillary legal services not included among his statutory duties, it does not prevent the county attorney from voluntarily and gratuitously providing such services should he so choose.

Because prosecutors covered by the Act give up their capacity to practice law privately, the Act does prevent a county attorney covered by it from entering in his private capacity into a consultation agreement with a municipality to provide the municipal court with legal advice. Nor, absent specific statutory authority to do so, may the county attorney enter into such a contract in his official capacity.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General