

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 12, 2006

The Honorable Mark E. Price
San Jacinto County Criminal District Attorney
1 State Highway 150, Room 21
Coldspring, Texas 77331

Opinion No. GA-0430

Re: Authority of a county to remove an abandoned mobile home from county right-of-way  (RQ-0412-GA)

Dear Mr. Price:

Two mobile homes[1] have been abandoned on the right-of-way of a county road in San Jacinto County (the "County").[2] You inform us that they present a potential safety hazard unless moved and inquire whether a constable or county commissioner has a right or duty to remove them. *See* Request Letter, *supra* note 2, at 1. You refer us to the Transportation Code and inquire whether section 545.3051 authorizes the removal of the manufactured homes, *see id.*, and whether it limits liability for personal injury or death.[3] *See also* TEX. TRANSP. CODE ANN. § 545.3051 (Vernon Supp. 2005).

---

[1] A mobile home is a structure

   (i)   constructed before June 15, 1976;

   (ii)  built on a permanent chassis;

   (iii) designed for use as a dwelling with or without a permanent foundation when the structure is connected to the required utilities;

   (iv)  transportable in one or more sections; and

   (v)   [with certain minimum dimensions].

TEX. OCC. CODE ANN. § 1201.003(17) (Vernon 2004). A "HUD-code manufactured home" is a structure with physical characteristics identical to those of a mobile home but that was "constructed on or after June 15, 1976, according to the rules of the United States Department of Housing and Urban Development." *Id.* § 1201.003(9). Both mobile homes and HUD-code manufactured homes are "manufactured homes." *Id.* § 1201.003(15). In this opinion, we will use the term manufactured home.

[2] Letter from Honorable Mark E. Price, San Jacinto County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Nov. 4, 2005) (on file with the Opinion Committee, *also available at* http://www .oag.state.tx.us) [hereinafter Request Letter].

[3] Letter from Honorable Mark E. Price, San Jacinto County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Dec. 7, 2005) (on file with the Opinion Committee, *also available at* http://www .oag.state.tx.us) [hereinafter Supplemental Request Letter].

Section 545.3051 was added to the Transportation Code in 2003. *See* Act of May 21, 2003, 78th Leg., ch. 803, § 1, 2003 Tex. Gen. Laws 2355. At the time the provision was enacted, only the Texas Department of Transportation was expressly authorized to remove personal property from roadways and was provided liability protection for damage caused by the removal. *See* SENATE COMM. ON INFRASTRUCTURE DEVELOPMENT & SECURITY, BILL ANALYSIS, Tex. S.B. 165, 78th Leg. R.S. (2003); *see also* TEX. TRANSP. CODE ANN. § 472.011–.015 (Vernon 1999 & Supp. 2005). Section 545.3051 extended the authority to remove personal property from roadways to local law enforcement entities. *See* TEX. TRANSP. CODE ANN. § 545.3051 (Vernon Supp. 2005). Section 545.3051 also extended the liability protection enjoyed by the Texas Department of Transportation to the local law enforcement entities. *See id.*

Section 545.3051 provides that an "authority or a law enforcement agency may remove personal property from a roadway or right-of-way if the authority or law enforcement agency determines that the personal property blocks the roadway or endangers public safety." *Id.* § 545.3051(b). The section also provides that

> [n]otwithstanding any other provision of law, an authority or a law enforcement agency is not liable for:
>
> (1) any damage to personal property removed from a roadway or right-of-way under this section, unless the removal is carried out recklessly or in a grossly negligent manner; or
>
> (2) any damage resulting from the failure to exercise the authority granted by this section.

*Id.* § 545.3051(e). The term "law enforcement agency" includes [the Texas Department of Transportation], *see id.* § 201.001, a municipal police department, a county sheriff, and a constable. *See also id.* § 545.3051(2). The plain language of section 545.3051 gives removal authority to a county constable but not to a commissioners court or an individual county commissioner. *See Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 865–66 (Tex. 1999) (court construes a statute by looking to the plain meaning of the statute's language).

Section 545.3051 authorizes the removal of personal property. *See* TEX. TRANSP. CODE ANN. § 545.3051(3) (Vernon Supp. 2005). "Personal property" is defined as

> (A) a vehicle described by Section 545.305;
>
> (B) spilled cargo;
>
> (C) a hazardous material as defined by 49 U.S.C. Section 5102 and its subsequent amendments; or

> (D) a hazardous substance as defined by Section 26.263, Water Code.

*Id.* Section 545.3051 limits the term "vehicle" by reference to section 545.305. *See id.* § 545.3051(a)(3)(A). Section 545.305 does not expressly define "vehicle" but rather describes the circumstances that allow for the removal of an unlawfully stopped vehicle. *See id.* § 545.305(a) (Vernon 1999). The abandonment of the manufactured homes about which you inquire likely falls within the circumstances described by section 545.305 if the homes are considered vehicles.[4] *See id.* § 545.305(a)(5) (authorizing vehicle removal if unattended and an officer believes it to have been abandoned for longer than 48 hours). Thus, we must determine if the manufactured homes are "vehicles" as contemplated by sections 545.305 and 545.3051.

Nowhere in chapter 545 is the term "vehicle" expressly defined. *See generally id.* ch. 545 (Vernon 1999 & Supp. 2005). Chapter 545 is contained in title 7, subtitle C of the Transportation Code, however, and chapter 541 defines terms for the whole of subtitle C. *See id.* § 541.201(23) (Vernon Supp. 2005). Under section 541.201(23), the word "vehicle" is defined as a "device that can be used to transport or draw persons . . . on a highway." *Id.* § 541.201(23) ("In this subtitle . . ."). Section 541.201(23) expressly excludes from the definition "(A) a device exclusively used on stationary rails or tracks; or (B) manufactured housing as that term is defined by Chapter 1201, Occupations Code." *Id.* Given the clear terms of the applicable statutory definition, we conclude that a manufactured home is not a "vehicle" for purposes of sections 545.305 and 545.3051, and thus is not "personal property" under section 545.3051. A county constable, therefore, is not authorized by section 545.3051 to remove abandoned manufactured homes from county roads or right-of-ways.

Though you inquire specifically only about section 545.3051, it appears your ultimate concern is about the potential danger posed by the abandoned manufactured homes. We find other authority by which a county may remove the abandoned manufactured homes from the right-of-way of a county road. A county commissioners court has "general control over all roads, highways, and bridges in the county." *Id.* § 251.016. "In the discharge of such duty [a commissioners court is the] trustee[] of the public county roads for the whole public." *Hill Farm, Inc. v. Hill County,* 425 S.W.2d 414, 417 (Tex. Civ. App.—Waco 1968), *aff'd,* 436 S.W.2d 320 (Tex. 1969). The "general control" language[5] of the statutory predecessor of section 251.016 has been construed by the Texas Supreme Court as authorizing county actions that are "related to [the county's] duty to protect the public's interest in transportation." *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 30 (Tex. 2003) (citing *Canales v. Laughlin,* 214 S.W.2d 451, 456–57 (Tex. 1948)). Moreover, the Transportation Code assigns a county the duty to keep all classes of roads free from obstructions.

---

[4]Whether the manufactured homes have been abandoned is ultimately a fact question for the County. *See* Tex. Att'y Gen. Op. No. GA-0139 (2004) at 5 (the opinion process does not determine facts).

[5]In 1999, section 81.028 of the Local Government Code was significantly amended and this language was moved to the Transportation Code as section 251.016. *See* Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 13.11(b), 1999 Tex. Gen. Laws 127, 351.

*See* TEX. TRANSP. CODE ANN. § 251.008(1) (Vernon 1999). This office has previously opined that a county commissioners court has the power to order the removal of an obstruction from a county road. *See* Tex. Att'y Gen. Op. No. M-534 (1969) at 4. We believe that a county commissioners court could conclude that the abandoned manufactured homes in the right-of-way of a county road constitute an obstruction that affects the safety and transportation of the public. *See, e.g.*, Tex. Att'y Gen. Op. No. V-177 (1947) at 2 (stating that "[a]ny narrowing of the road to less than its legal width is an obstruction, and any obstruction that interferes with the road in the sense of making it less convenient for travel is an offense"). Through its general control over county roads and pursuant to its duty to keep all classes of county roads free of obstructions, we believe the County Commissioners Court has sufficient authority to remove the manufactured homes from the county road right-of-way.

You inquire whether there is potential civil liability if the abandoned manufactured homes are not removed and someone is injured or killed. *See* Supplemental Request Letter, *supra* note 3, at 1. As a manufactured home is not within the scope of section 545.3051, the liability protection afforded a law enforcement agency under section 545.3051 is not applicable. Absent the specific liability provisions of section 545.3051, we believe the Texas Tort Claims Act would address any potential liability for the County's failure to remove the abandoned manufactured homes. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 2005 & Supp. 2005) (Texas Tort Claims Act). Because the merits of any particular lawsuit would be determined by the specific facts involved and because this office does not resolve fact questions, *see* Tex. Att'y Gen. Op. No. GA-0298 (2005) at 3 (opinion process cannot resolve fact questions), we do not opine on any potential County liability under the Texas Torts Claims Act.

## S U M M A R Y

Under the clear terms of the applicable statutory definition of vehicle, which expressly excludes manufactured housing, a manufactured home is not included within the scope of section 545.3051, Transportation Code. Thus a county constable is not authorized by section 545.3051 to remove abandoned manufactured homes from the right-of-way of a county road. A county commissioners court may order the removal of manufactured homes pursuant to its general control over county roads and its duty to keep county roads free from obstructions. Because section 545.3051 is not applicable, all questions of potential liability would be addressed by the Texas Tort Claims Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee