May 4, 2007

The Honorable James H. Owen
Henderson County Attorney
100 East Tyler Street, Room 100
Athens, Texas 75751

Opinion No. GA-0545

Re: Whether district judges may authorize a county auditor to retain outside legal counsel for the purpose of responding to requests under the Public Information Act (RQ-0550-GA)

Dear Mr. Owen:

You ask us to

> advise whether District Judges whose [d]istricts include Henderson County, Texas may authorize[] the County Auditor to hire legal counsel for Henderson County to perform duties of the County Attorney's Office without the consent of the Commissioners Court or the County Attorney and appropriate [c]ounty [f]unds outside the normal budget process for the payment for said services[.][1]

You also ask whether "the approval of invoices by the County Auditor's office for payment of said legal services violate[s] [Local Government Code section] 113.065," which prohibits a county auditor from approving a claim not incurred as provided by law. Request Letter, *supra* note 1, at 1, 4; *see* TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999).

As background to your question you inform us that on, or shortly after, the appointment of the County Auditor (the "Auditor"), "several employees of the audit office were discharged from employment or quit." Request Letter, *supra* note 1, at 1. You also tell us that the Auditor terminated the Information Technology Director.[2] *See id.* You state that the Information Technology office and

---

[1]*See* Letter from Honorable James H. Owen, Henderson County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 3 (Nov. 1, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Brief from Mark A. Mayfield, Clark, Thomas & Winters, on behalf of the Henderson County Auditor and Henderson County District Judges, to Nancy S. Fuller, Chair, Opinion Committee, Attorney General of Texas, at 2 (Jan. 8, 2007) (on file with the Opinion Committee) [hereinafter Mayfield Brief] ("In Henderson County, the [Information

(continued...)

the Auditor's office subsequently received numerous[3] open records requests that "appear to be related to the employment terminations." *Id.* You further state that upon instruction from the District Judges but without your approval or the prior authorization of the Henderson County Commissioners Court (the "Commissioners Court"), the Auditor retained legal counsel to address the open records requests. *See id.* at 2.

Your question raises fundamental issues involving the intersection of the different spheres of authority of independent elected and appointed officials. We recognize that, in certain circumstances, district judges and a county auditor may have authority to independently hire outside legal counsel. *See* TEX. LOC. GOV'T CODE ANN. §§ 84.001–.902 (Vernon 1999 & Supp. 2006); *Bullock v. Calvert*, 480 S.W.2d 367, 372 (Tex. 1972) (public officers have the implied authority necessary to achieve a power or an object expressly granted). And we recognize that, in other circumstances, the contracting and budgeting authority of a county commissioners court might otherwise limit the district judges' and county auditor's authority. *See* TEX. CONST. art. V, § 18(b) (commissioners court's jurisdiction over county business); TEX. LOC. GOV'T CODE ANN. §§ 111.001–.013 (Vernon 1999 & Supp. 2006) (commissioners court's authority over county budget). To address your concerns, however, we need not determine where the various spheres of authority collide. Here, the Commissioners Court appears to be willing to allow the claim based on the District Judges' order. *See* Request Letter, *supra* note 1, at 2 (stating that "[w]hen the initial invoice was presented the Commissioners Court inquired about the bill and was told the district judge[s] had authorized it[,] and the Commissioners Court allowed the payment"); *see also* Mayfield Brief, Exhibit A8 (including Commissioners Court's minutes reflecting authorization to pay hired counsel's subsequent monthly invoices). Thus, it appears that your first inquiry can be narrowed to whether the retention and payment of the outside legal counsel was improper because such counsel was sought to "perform duties of the County Attorney's Office" without your consent. Request Letter, *supra* note 1, at 3.

You offer two bases for your argument that a "County entity may not employ outside counsel to perform the duties of the County Attorney without the consent of the County Attorney." *Id.* First, you rely on section 41.007 of the Government Code and on the proposition that a public officer cannot be ousted from his legal duties. *See id.*; *see also Terrell v. Greene*, 31 S.W. 631, 635 (Tex. 1895). Section 41.007 provides that a "district or county attorney, on request, shall give to a county or precinct official of his district or county a written opinion or written advice relating to the official duties of that official." TEX. GOV'T CODE ANN. § 41.007 (Vernon 2004). Section 41.007 is construed to impose a duty on district and county attorneys to provide advice to certain officials on request. *See Gibson v. Davis*, 236 S.W. 202, 212 (Tex. Civ. App.—Galveston 1921, no writ);

---

[2](...continued)
Technology] department is under the supervision of the Auditor, and all of its employees are assistant auditors."); *see also* TEX. LOC. GOV'T CODE ANN. § 84.021 (Vernon 1999) (pertaining to a county auditor's assistants).

[3]The Auditor characterizes the open records requests as "inundat[ing]." *See* Mayfield Brief, *supra* note 2, at 2. One request involved the "production of all emails on the County's email server in the previous twelve months," and the sum of the requests "would have required the Auditor to review and produce *over one hundred fifty thousand documents* at County expense." *Id.*

*see also Guynes v. Galveston County*, 861 S.W.2d 861, 863–64 (Tex. 1993); Tex. Att'y Gen. Op. No. GA-0153 (2004) at 2. That duty is not exclusive. *See Guynes*, 861 S.W.2d at 864; *see also* TEX. GOV'T CODE ANN. § 41.007 (Vernon 2004) (requiring opinion from a district or county attorney "on request"). Because the County Attorney does not have an exclusive duty to provide legal advice in all civil matters in Henderson County, the Auditor's retention of outside legal counsel does not improperly impinge on the statutory duties of the Henderson County Attorney. And while a county attorney may not be ousted from his or her duties, Texas courts have long recognized that "it is not one of [a county attorney's] prescribed legal duties to represent the county in its general legal business or the conduct of ordinary civil actions." *Guynes*, 861 S.W.2d at 864 (quoting *Hill Farm, Inc. v. Hill County*, 425 S.W.2d 414, 419 (Tex. Civ. App.—Waco 1968), *aff'd*, 436 S.W.2d 320 (Tex. 1969)).

Second, you rely on a prior opinion from this office to argue that the Auditor cannot retain outside legal counsel. *See* Request Letter, *supra* note 1, at 3; *see also* Tex. Att'y Gen. Op. No. GA-0074 (2003). In Attorney General Opinion GA-0074, this office concluded that the El Paso County Bail Bond Board was not authorized to hire outside legal counsel over the objection of the El Paso County Attorney. *See* Tex. Att'y Gen. Op. No. GA-0074 (2003) at 5. The conclusion in that opinion was based on the fact that, in addition to section 41.007, the El Paso County Attorney was required by another statute to represent El Paso County and its officials "in all civil matters." *Id.* at 2 (citing TEX. GOV'T CODE ANN. § 45.171(a)). The situation here is readily distinguishable in that there is no similar statute giving the Henderson County Attorney general civil authority over all Henderson County legal affairs.[4] *See* TEX. GOV'T CODE ANN. § 45.207 (Vernon 2004) (reserved for Henderson County).

Your second inquiry is whether the approval of the invoices by the Auditor's office violates section 113.065 of the Local Government Code. *See* Request Letter, *supra* note 1, at 4. Section 113.065 provides that "[t]he county auditor may not audit or approve a claim unless the claim was incurred as provided by law." TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999). As we have discussed, the Auditor's retention of outside legal counsel does not impinge upon any exclusive duty of the Henderson County Attorney, and the mere fact that the retention was without your consent does not make the claim for payment an invalid claim. Accordingly, your concerns here do not make the payment of the claim illegal under section 113.065. There may be, however, other facts and circumstances to be considered in connection with the legality of the claim. *See* Tex. Att'y Gen. Op. No. GA-0139 (2004) at 5 (stating that the opinion process does not determine questions of fact). Thus, we cannot ultimately opine on whether the claim was "incurred as provided by law" under section 113.065 of the Local Government Code.

---

[4]Because there is no statute giving the Henderson County Attorney general civil authority over all Henderson County legal affairs, we do not need to consider whether a county auditor's general independence of county control would specifically except the Auditor's hiring of legal counsel from the County Attorney's authority. *See* TEX. LOC. GOV'T CODE ANN. §§ 84.002 (Vernon Supp. 2006) (auditor's appointment by district judges), 84.009 (Vernon 1999) (auditor's removal by district judges), 84.021 (Vernon 1999) (request for auditor's assistants approved by district judges).

## S U M M A R Y

The County Attorney of Henderson County has no exclusive duty to represent Henderson County in all civil legal matters. Thus, the County Auditor's retention of outside legal counsel did not improperly impinge on an exclusive duty of the County Attorney. The question as to whether any claim for payment of the legal services was "incurred as provided by law" under section 113.065 of the Local Government Code requires an examination of facts and circumstances that the opinion process cannot address.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee